```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

DARIUSZ MICHALOW, et al.,

                    Plaintiffs,
                                              REPORT & RECOMMENDATION
          - against -
                                              CV 2009-5475 (SLT)(MDG)
EAST COAST RESTORATION & CONSULTING
CORP., et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - -X
```

Plaintiffs Dariusz Michalow, Sebastian Tkazyk, and Tomsz Helwing ("plaintiffs") bring this lawsuit on behalf of themselves and others similarly situated against East Coast Restoration & Consulting Corporation, Midtown Restoration Incorporated and Bozena Barbara Marcisqak ("defendants"). Plaintiffs assert claims for unpaid overtime compensation and spread-of-hours pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b); New York Labor Law ("NYLL") §§ 160, 190 et seq., 652; New York Codes, Rules and Regulations ("NYCRR") 12 §§ 142-2.2, 142-2.4.

Plaintiffs move, with the consent of defendants, to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and to add William Gonzalez as a class representative. For the reasons that follow, I recommend that the motion be granted.

BACKGROUND

Plaintiffs commenced this action on December 15, 2009. They allege that, beginning on December 15, 2003 and continuing to the present, defendants employed plaintiffs and other members of the putative class as bricklayers, roofers, welders, waterproofing workers, sheet metal workers and workers in other areas of construction work. Decl. at ¶ 2. Plaintiffs contend that defendants employed at least 100 such workers. They claim that they typically worked more than 10 hours per day, six days per week but did not received overtime compensation or spread-of-hours compensation as required by law. Id. at ¶ 4. Defendants deny these allegations. See Ans. (ct. doc. 8).

After a preliminary exchange of information and payroll records, the parties entered into a stipulation to send notice of this collective action pursuant to 29 U.S.C. § 216(b) (ct. doc. 11), which this Court approved, with certain modifications, on June 28, 2010. See ct. docs. 11 and 12.

The parties then moved to certify the state-law class on April 18, 2011, again by stipulation. See ct. doc. 23. After Judge Sandra L. Townes referred this motion to me on November 2, 2011 and I requested additional submissions from the parties, plaintiffs' counsel filed a supplemental declaration on November 9, 2011. See Decl. of Lloyd Ambinder, Esq. in Support of Class Cert. Stip. (ct. doc. 30) ("Decl.").

DISCUSSION

Plaintiffs pursue claims under both federal and state law. The FLSA allows employees to bring a collective action to vindicate their rights to a "minimum standard of living necessary for health, efficiency, and general well-being" on behalf of themselves and similarly-situated employees. 29 U.S.C. §§ 202(a), 216(b). It requires that an eligible employee who wishes to participate in such a collective action must opt in to the action. 29 U.S.C. § 216(b). The New York statutes were enacted with similar goals but allow plaintiffs to pursue a traditional class action in which putative class members may opt out if they choose but otherwise are deemed to be part of the class. See Shahriar v. Smith & Wollensky Rest. Group, Inc., 2011 WL 4436284, *6 (2d Cir. Sept. 26, 2011).

Although the mechanisms of structuring the class vary, FLSA and NYLL claims "usually revolve around the same set and facts" and are often brought together in a single action using the procedures outlined in 29 U.S.C. § 216(b) for the federal action and those specified in Rule 23 to pursue the state-law claims under a district court's supplemental jurisdiction. See id. This is the way plaintiffs have chosen to proceed in this action. Compl. at ¶ 5.

The Second Circuit has held that district courts must conduct a "rigorous analysis" of the factual and legal issues of plaintiffs' claim before certifying a class. In re Initial

Public Offerings Sec. Litig., 471 F.3d 24, 33 (2d Cir. 2006). Although defendants have stipulated to the motion for class certification, the agreement between the parties does not relieve the Court of its duty to determine that the Rule 23 requirements are met. See Karvaly v. eBay, Inc., 245 F.R.D. 71, 78 (E.D.N.Y. 2007). The Second Circuit has declined to impose a particular formula or requirement for express findings, but has emphasized that a district court determining a motion to certify must "receive enough evidence, by affidavits, documents or testimony, to be satisfied that each Rule requirement has been met." Shahriar, 2011 WL 4436284 at *13 (quoting In re IPO, 471 F.3d at 41).

To qualify for class certification, a putative class must meet the four requirements set forth in Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); Shahriar, 2011 WL 4436284 at *12. Additionally, a class may not be certified unless the action qualifies under at least one of the categories provided in Rule 23(b). The parties in the present case assert that the class should be certified pursuant to 23(b)(3), which requires that "questions of law or fact common to class members predominate

over any questions affecting only individual members, and that a class action is superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A. Numerosity

The numerosity requirement does not demand that joinder be impossible, only that it present "difficulty" or "inconvenience." Han v. Sterling Nat. Mortg. Co., Inc., 2011 WL 4344235, *3 (E.D.N.Y. Sept. 14, 2011). The Second Circuit has stated that this requirement is presumed to be satisfied where a class contains at least 40 members. See id.

There is no question that the proposed class meets the numerosity requirement. Plaintiffs have received payroll records from defendants that identify 111 employees of defendant companies and counsel estimates that the class will contain no fewer than 150 members. Decl. at ¶ 9, 11.

B. Commonality

Courts in the Second Circuit have held that "a single common issue of law will satisfy the commonality requirement." See Han, 2011 WL 4344325 at *3 (citing cases). Here, plaintiffs identify several common questions of fact and law including: whether defendants paid plaintiffs for all hours worked, whether defendants maintained accurate time records, whether defendants complied with overtime and spread-of-hours statutes, and whether

the individual defendant is personally liable for unpaid compensation. Decl. at ¶ 11. Although the number of hours worked by each plaintiff and the amount of compensation that each is owed varies, the type of harm allegedly suffered by plaintiffs as a result of defendants' policies and whether the defendants are liable are questions common to all claims. Decl. at ¶¶ 13-15, see Han, 2011 WL 4344235 at *5 (injuries "derive from the same course of conduct," same "compensation scheme and policy to work over forty hours a week").

### C. Typicality

Commonality and typicality requirements "tend to merge" and serve as "guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected." Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157 n.13, (1982). While the commonality inquiry concerns whether the named plaintiffs' "grievances share a common question of law or of fact" with those of the proposed class, Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997) (per curiam) (internal citations omitted), the focus of the typicality inquiry concerns whether the named plaintiffs' claims are "based on the same legal theory and arise from the same practice or course of conduct as the other class members." See Han, 2011 WL 4344235 at *5 (internal citations omitted).

Typicality is satisfied here since the plaintiffs' claims arise from the same course of conduct by defendants as those giving rise to claims of the other class members and are based on the same legal theory. Plaintiffs worked for defendants in the same types of construction trades as the other putative class members. Decl. at ¶ 16. As such, they were entitled to the same overtime and spread-of-hours compensation but allege that they, along with the putative class members, were underpaid. Id. at ¶ 17. Finally, the defense available to the defendants is the same for each claim -- i.e., that they properly compensated their employees for hours worked. Id. at 18.

D. Adequacy of Representation

Although the adequacy criteria tend to merge with the commonality and typicality requirements, courts nonetheless must inquire whether the named plaintiffs' interests are antagonistic to those of the class and whether class counsel are competent. See Amchem Prods, Inc. v. Windsor, 521 U.S. 591, 626 n. 20 (1997); Falcon, 457 U.S. at 157 n.13; Baffa v. Donaldson, 222 F.3d 52, 60 (2d Cir. 2000). A court should not certify a class representative who "is subject to unique defenses which threaten to become the focus of the litigation." Gary Plastic Packaging Corp. v. Merrill Lynch, Piece, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990).

Because plaintiffs' claims arise from the same facts and depend on the same legal theories as those of the class members,

they will have "an interest in vigorously pursuing the claims of the class." Han, 2011 WL 4344235 at *6; Decl. at ¶ 22-23. Furthermore, plaintiffs' counsel has extensive experience in representing class-action plaintiffs in labor disputes. Decl. at ¶ 20. Finally, none of the putative class members is pursuing a similar action against defendants. Decl. at ¶ 24.

### E. Predominance

Next, because plaintiffs claim that the class action is maintainable under Rule 23(b)(3), they must show that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and is similar to the typicality requirement in Rule 23(a)(3). Amchem, 521 U.S. at 591 & n.18. To satisfy the Rule 23(b)(3) predominance requirement, a plaintiff must demonstrate that "resolution of some of the legal or factual questions that qualify each member's case as a genuine controversy can be achieved through generalized proof and [that] these issues are more substantial than the issues subject only to individualized proof." Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002). Such an inquiry requires that courts look closely to ensure that the class action "will achieve economies of time, effort, and expense, and promote ...

uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Amchem, 521 U.S. at 614-15 (citation omitted).

The common questions of fact and law clearly predominate in this action over individualized questions. Plaintiffs allege that defendants failed to pay overtime and spread-of-hours compensation to all construction workers. Although individual inquiry into the number of hours worked by each plaintiff may be necessary to determine damages, "all other aspects of this case are subject to generalized proof and applicable to the class as a whole." Alonso v. Uncle Jack's Steakhouse, Inc., 2011 WL 4389636, *5 (S.D.N.Y. Sept. 21, 2011).

F. Superiority

In determining whether a class action is a superior method of litigation for adjudicating the claims of putative class members, a court should consider:

> (A) the interest of the members of the class in individually controlling the prosecution ... of separate actions; (B) the extent and nature of any litigation ... already commenced by ... members of the class; (C) the desirability or undesirability of concentrating litigation to a single forum, and (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(B)(3).

Because there are over 100 putative class members, either joinder or individual actions would not serve the Court's

interest in efficient handling of its docket.  The difficulties of managing a class action suit are much less significant than the problems that could arise with conflicting adjudications of nearly identical claims.  Decl. at ¶¶ 27, 29.  Furthermore, the individual claims may be relatively small and plaintiffs likely could not afford the expenses of litigation in order to gain modest damages.  Decl. at ¶ 28.

   G. <u>Motion to Add Class Representative William Gonzalez</u>

William Gonzalez is a class member who joined the federal portion of this action on January 21, 2011.  <u>See</u> ct. doc. 20. Although he and 13 other class members joined one week after the court-ordered deadline, defendants did not object to their joining the collective action, and the Court granted them leave to file consent.  Plaintiffs contend that because Mr. Gonzalez is fluent in English and Spanish, he will be able to assist counsel in communicating with Spanish-speaking class members. Defendants do not object to this request and, as another construction worker employed by defendants, Mr. Gonzalez appears to have claims typical of the class members.

CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant the motion of the parties to certify the state-law class under Rule 23 and to add William Gonzalez as a class representative.

This report and recommendation will be filed on this date. Any objections must be filed with the Clerk of the Court, with a copy to Judge Townes on or before December 5, 2011. Failure to file timely objections may waive the right to appeal the District Court's Order. <u>See</u> 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:	Brooklyn, New York
	November 17, 2011

_____/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE