UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIUSZ MICHALOW, SEBASTIAN TKACZYK, TOMASZ HELWING and WILLIAM GONZALEZ, for themselves and others similarly situated who were employed by EAST COAST RESTORATION & CONSULTING CORP., MIDTOWN RESTORATION, INC., EAST COAST INSTALLATION & CONSULTING, CORP., EAST COAST RESTORATION & CONSTRUCTION CONSULTING, CORP., ROOFING SYSTEMS CONSULTING CORP., GRZEGORZ SOBOLEWSKI, ANDRZEJ KACZMAREK, MARCIN PODGORNY, KAROL MARCISQUAK and BOZENA BARBARA MARCISQUAK, | Docket No. 09-CV-5475 (SLT)(MDG) |
| Plaintiffs, | |
| -against- | |
| EAST COAST RESTORATION & CONSULTING CORP., MIDTOWN RESTORATION, INC., EAST COAST INSTALLATION & CONSULTING, CORP., EAST COAST RESTORATION & CONSTRUCTION CONSULTING, CORP., ROOFING SYSTEMS CONSULTING CORP., GRZEGORZ SOBOLEWSKI, ANDRZEJ KACZMAREK, MARCIN PODGORNY, KAROL MARCISQUAK and BOZENA BARBARA MARCISQUAK, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher
Jack L. Newhouse
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road
Carle Place, New York 11514
Tel:  (516) 873-9550

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ..iii

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ....................................................................... 2

LEGAL STANDARDS APPLICABLE TO A MOTION
FOR SUMMARY JUDGMENT ................................................................ 2

ARGUMENT ....................................................................................... 4

SUMMARY JUDGMENT

POINT I: Plaintiffs Are Entitled to Summary Judgment for Defendants' Willful Violation of Overtime and Spread and Spread of Hours Laws, Pursuant to the FLSA and New York Overtime Law ................................................................ 4

    A) Defendants Have Undeniably Failed to Comply With State and Federal Record Keeping Requirements, and Thus Cannot Meet Their Burden of Proof to Survive Summary Judgment ...................................................... 5

    B) Plaintiffs Have Met the Burden of Proof Required to Establish Entitlement to Summary Judgment on the Issue of Defendants' Liability for Overtime Compensation under Federal and New York Overtime Laws ..................... 9

    C) Plaintiffs Have Met the Burden of Proof Required to Establish Entitlement to Summary Judgment on the Issue of Defendants' Liability for Spread of Hours Compensation under New York Law ............................................ 11

POINT II: Defendants Employed and/or Jointly Employed Plaintiffs ...................... 12

    A) Legal Standard ......................................................................... 12

    B) Defendants Employed and/or Jointly Employed Plaintiffs .......................... 15

CONCLUSION ..................................................................................... 20

# TABLE OF AUTHORITIES

PAGE

Anderson v. Mt. Clemens Pottery Co.
328 U.S. 680 (1946) ................................................................................... 6-8

Ansoumana v. Gristede's Operating Corp.
255 F. Supp. 2d 184 (SDNY 2003) ...............................................................14

Augustine v. Kim Kyu Hee
161 Fed. Appx. 77 (2d Cir. 2005)……………………………………………………….3

Barfield v. N.Y. City Health & Hosps. Corp.
537 F.3d 132 (2d Cir. 2008) ...................................................................13, 14

Barrentine v. Arkansas-Best Freight Sys. Inc.
450 U.S. 728 (1981)…………………………………………………………………………4

Berrios v. Nicholas Zito Racing Stable, Inc.
849 F. Supp. 2d 372 (E.D.N.Y. 2012) ............................................................*passim*

Caldarola v. Calabrese
298 F.3d 156 (2d Cir. 2002)………………………………………………………………3

Cano v. DPNY, Inc.
287 F.R.D. 251 (SDNY 2012) ....................................................................13, 14

Carter v. Dutchess Community College
735 F.2d 8 (2d Cir. 1984) ..............................................................................14

Celotex Corp. v. Catrett
477 U.S. 317 (1986) ....................................................................................... 3

Da Silva v. Bennet Street Development Corp.
2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010)………………………………4

Derdiarian v. Felix Contracting Corp..
51 N.Y. 2d 308 (1980)………………………………………………………………………2

Donovan v. Williams Oil Co.
717 F.2d 503 (10th Cir. 1983) .............................................................. ..8

Doo Nam Yang v. ACBL Corp.
427 F. Supp.2d 327 (S.D.N.Y. 2005)………………………………………………………7

Estrella v. P.R. Painting Corp.
356 Fed. Appx. 495 (2d. Cir. 2009)  ........................................................ ..3

Falso v. Rochester City Sch. Dist.
2012 U.S. App. LEXIS 3876 (2d Cir. Feb. 27, 2012)…………………………………..3

Herman v. RSR Security Services, Ltd.
172 F.3d 132 (2d Cir. 1999)  ..................................................................14

Howard v. Poseidon Pools, Inc.
72 N.Y. 2d 972 (1988)………………………………………………………………2

Ibea v. Rite Aid Corp.,
2012 U.S. Dist. LEXIS 47088 121 F.3d 58 (S.D.N.Y 2012)  ...................................... ..7

Jean-Louis v. Metro. Cable Communs, Inc.
838 F. Supp. 2d 111 (SDNY 2011)  ...........................................................13

Khan v. IBI Armored Services, Inc.
474 F. Supp. 2d 448 (EDNY 2007)  ......................................................... ..5

Kulak v. City of New York
88 F. 3d 63 (2d Cir. 1996)………………………………………………………….3

Knight v. US. Fire Ins. Co.
804 F.2d 9 (2d Cir. 1986) ….. ..........................................................….3

Lihli Fashions Corp. v. NLRB
80 F.3d 743 (2d Cir. 1996)  ..................................................................15

Lopez v. Silverman
14 F. Supp. 2d 405 (SDNY 1998)  ............................................................13

Martin v. Seeker Brothers, Inc..
949 F.2d 1286 (3d Cir. 1991)  ............................................................. ..8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
475 U.S. 574 (1986)..................................................................... ..2, 3

McLaughlin v. Ho Fat Seto
850 F.2d 586 (9th Cir. 1988)  ............................................................. ..8

McPherson v. N.Y. City Dep't of Educ.
457 F. 3d 211 (2d Cir. 2006)………………………………………………………….3

Michalow v. E. Coast Restoration & Consulting Corp.,
2012 U.S. Dist. LEXIS 185362(E.D.N.Y 2012) ...................................................15, 17

Moon v. Kwon
248 F.Supp. 2d 201 (S.D.N.Y. 2002) ...........................................................5

Mumbower v. Callicott,
526 F.2d 1183 (8th Cir. 1975) ...................................................................7

Padilla v. Manlapaz
643 F. Supp. 2d 302 (EDNY 2009) .............................................................8

Reich v. Gateway Press,
13 F.3d 685 (3d Cir. 1994) .......................................................................7

Reich v. Southern New England Telecommunications Corp.
121 F.3d 58 (2d Cir. 1997) .....................................................................7, 9

R.G. Group v. Horn & Hardart Co.
751 F.2d 69 (2d Cir. 1984)........................................................................3

Rios v. Neighborhood Construction Corp.
2009 U.S. Dist. LEXIS 95629 (S.D.N.Y. 2009) .........................................5

Rivera v. NDOLA Pharmacy Corp.
497 F. Supp. 2d 381 (E.D.N.Y. 2007)..........................................................7

Salahuddin v. Goord
467 F.3d 262 (2d Cir. 2006)......................................................................3

Torres-Lopez v. May
111 F.3d 633 (9th Cir. 1997) ...................................................................13

United Union of Roofers, Waterproofers, & Allied Workers Local No. 210 v. A.W.
Farrell & Son, Inc.,
547 Fed. Appx. 17 (2d Cir. 2013) .............................................................15

Velez v. Sanchez
693 F.3d 308 (2d Cir. 2012) ....................................................................13

Wong v. Hunda Glass Corp.
2010 U.S. Dist. LEXIS 62653 (S.D.N.Y. June 22, 2010) ............................5

Young v. Cooper Cameron Corp.
586 F.3d 201 (2d Cir. 2009) ....................................................................5

Zheng v. Liberty Apparel Company, Inc.,
335 F. 3d 61 (2d Cir. 2003) ..............................................................13, 14


**Statutes**

<u>*Federal Statutes*</u>

29 U.S.C. § 203(g) ....................................................................................13

29 U.S.C. § 207 ...................................................................................1, 4, 9

29 U.S.C. § 216(b) ...................................................................................... 1

29 U.S.C. § 255 ........................................................................................... 5

29 U.S.C. § 211 ........................................................................................6, 9

29 C.F.R. § 516.2 ..................................................................................6, 8, 9

29 C.F.R. § 791.2 .......................................................................................13

Fed. R. Civ. P. 56........................................................................*passim*

<u>*New York Statutes*</u>

12 NYCRR § 142-2.2 ..............................................................................1, 5

12 NYCRR § 142-2.4 ............................................................................1, 11

12 NYCRR § 142-2.6 ..........................................................................6, 8, 9

12 NYCRR § 142-2.18 ..............................................................................11

New York Labor Law § 190, *et seq.* ........................................................ 1

New York Labor Law § 196-a...................................................................8

New York Labor Law § 650, *et seq.* .....................................................1, 5

New York Labor Law § 661 ...................................................................6, 8

New York Labor Law § 663 ...................................................................1, 5

## PRELIMINARY STATEMENT

This action was brought to recover unpaid overtime and spread of hours compensation owed to Named Plaintiffs Dariusz Michalow, Sebastian Tkaczyk, Tomasz Helwing,[1] and William Gonzalez, and other class members (collectively "Plaintiffs") who are presently or were formerly employed by Defendants East Coast Restoration & Consulting Corp. ("ECRC"), Midtown Restoration, Inc. ("Midtown"), East Coast Installation & Consulting, Corp. ("ECIC"), East Coast Restoration & Construction Consulting Corp. ("ECRCC"), Roofing Systems Consulting Corp. ("RSC") (ECRC, Midtown, ECIC, ECRCC, and RSC are hereinafter collectively referred to as "Corporate Defendants"), and individual Defendants Bozena Barbara Marcisqak ("B. Marcisqak"), Grzegorz Sobolewski ("Sobolewski"), Andrzej Kaczmarek ("Kaczmarek"), Marcin Podgorny ("Podgorny") and Karol Marcisqak ("K. Marcisqak") (Marcisqak, Sobolewski, Kaczmarek, and Podgorny are hereinafter collectively referred to as "Individual Defendants"; Corporate Defendants and Individual Defendants are hereinafter collectively referred to as "Defendants").

Plaintiffs commenced this action on December 15, 2009, seeking to recover unpaid overtime wages and spread of hours compensation allegedly owed to Plaintiffs for work they performed on behalf of Defendants related to Defendants' construction business. Plaintiffs brought claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206, 207 and 216(b); New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and 663; and N.Y. Codes Rules and Regulations ("NYCRR") 12 NYCRR §§ 142-2.1, 142-2.2 and 142-2.4 (2004) (the "New York Minimum Wage Act").

Specifically, Plaintiffs claim that they did not receive time-and-one-half their regular hourly rate for any hours they worked above forty in any given week, and instead were paid their

---

[1] Plaintiffs' Counsel no longer represents Named Plaintiffs Sebastian Tkaczyk or Tomasz Helwing in this action.

straight-time rate for every hour that they worked.  Plaintiffs further claim they were not paid an additional hour of pay for days where they worked more than ten hours.

As explained below, there can be no question that Defendants' compensation policies were unlawful.  All of the evidence, including Defendants' very own payroll records, though deficient, conclusively establishes that the Plaintiffs typically worked well in excess of 40 hours each week without receiving overtime compensation, and in excess of ten hours per day without receiving spread of hours pay.  As such, Plaintiffs respectfully request that this Court grant partial summary judgment as to liability against all Defendants, pursuant to Federal Rule of Civil Procedure 56, together with such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

Defendants' liability arises from their failure to pay overtime compensation and spread of hours compensation to Plaintiffs. [*See* Plaintiffs' FRCP 56.1 Statement ("P. 56.1") and Declaration of LaDonna M. Lusher in Support ("Lusher Dec.") with Exhibits annexed thereto, for a thorough overview of the relevant facts].  Plaintiffs' documentary evidence unequivocally establishes that the only "conclusion [which] may be drawn from the established facts" is that Defendants vastly underpaid Plaintiffs.  *Howard v. Poseidon Pools, Inc.*, 72 N.Y. 2d 972, 974 (1988), *quoting Derdiarian v. Felix Contracting Corp.*, 51 N.Y. 2d 308, 315 (1980).

## LEGAL STANDARDS APPLICABLE TO
## A MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

2

(1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Knight v. US. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *Augustine v. Kim Kyu Hee*, 161 Fed. Appx. 77, 78 (2d Cir. 2005). In accordance with Rule 56, conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *See Falso v. Rochester City Sch. Dist.*, 2012 U.S. App. LEXIS 3876 (2d Cir. Feb. 27, 2012); *quoting Kulak v. City of New York*, 88 F. 3d 63, 71 (2d Cir. 1996).

To avoid summary judgment, the non-moving party must do more than show that there is "some metaphysical doubt as to material facts." *Caldarola v. Calabrese*, 298 F. 3d 156, 160 (2d Cir. 2002); *citing Matsushita*, 475 U.S. at 586-87. Rather, the non-moving party must set forth "concrete particulars" showing that a trial is necessitated.  *R.G. Group v. Horn & Hardart Co.*, 751 F. 2d 69, 77 (2d Cir. 1984) (internal citations omitted); *see also Salahuddin v. Goord*, 467 F. 3d 263, 273 (2d Cir. 2006); *McPherson v. N.Y. City Dep't of Educ.,* 457 F.3d 211 (2d Cir. 2006). Indeed, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.

Plaintiffs proffer ample evidence to substantiate that no material issues of fact exist with respect to Defendants' failure to pay overtime wages and spread of hours compensation.  The testimony and evidence on the record, notably Defendants' very own payroll records, irrefutably establish that when Plaintiffs worked more than forty (40) hours per week or ten (10) hours in a day they *never* received overtime or spread of hours compensation. [Lusher Dec., 6-20].  As such, Plaintiffs are entitled to summary judgment on the issue of Defendants' liability, as a matter of law. *See, e.g,. Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 391 (E.D.N.Y.  2012) (summary judgment granted on the issue of liability alone, with damages to be determined at trial), *citing Estrella v. P.R. Painting*, 356 Fed. Appx. 495, 497 (2d Cir. 2009)

(employer's failure to compensate employee for even one hour of overtime establishes liability and "[a]nything else relates only to damages").

## ARGUMENT

### POINT I:

**Plaintiffs Are Entitled to Summary Judgment for Defendants' Willful Violation of Overtime and Spread of Hours Laws, Pursuant to the FLSA and New York Law**

Plaintiffs are entitled to partial summary judgment as a matter of law, as there are no genuine issues of material fact as to Defendants' liability.  While the precise amount of damages may be uncertain, there is no question that Defendants' improper practice of depriving workers who routinely labored well over forty hours per week of overtime is the very conduct the FLSA and NYLL were enacted to prevent.

Congress enacted the FLSA as a remedial measure "to protect all covered workers from substandard wages and oppressive working hours, labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728 739 (1981); 29 U.S.C. § 202(a); *Da Silva v. Bennet Street Development Corp.*, 2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010).  In pertinent part, 29 U.S.C. § 207(a)(1) unequivocally states:

> No employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation of his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

New York's Labor Law is the state analogue to the FLSA. The state legislation essentially "mirrors the FLSA in compensation provisions regarding minimum hourly wages and overtime." *Da Silva*, 2010 U.S. Dist. LEXIS 112832 at 9.  *See, e.g.,* 12 N.Y. Comp. Codes R. &

4

Regs. § 142-2.2 (illustrative that identical methods are used in calculating FLSA overtime wages). Likewise, Labor Law § 663(1) expressly authorizes an employee to sue for recovery of unpaid wages.

Moreover, Defendants' violation of state and federal wage and hour laws was willful. An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (defendant employer willfully misclassified employee as exempt to avoid paying overtime); *Wong v. Hunda Glass Corp.*, 2010 U.S. Dist. LEXIS 62653, 7-8 (S.D.N.Y. June 22, 2010) (Defendants' actions "willful" where the plaintiff was paid a flat weekly rate, without overtime, although the plaintiff worked well in excess of 40 hours per week). The FLSA willfulness standard "does not differ appreciably" from the NYLL standard. *See Moon v. Kwon et al.*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. Sept. 9, 2002). The applicable statute of limitations under the FLSA is three years, and six years under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(3); *Wong, supra,* at 7. ("The effect of a willfulness finding is to extend the statute of limitations period under the FLSA from two to three years."); *see also Rios v. Neighborhood Construction Corp.,* 2009 U.S. Dist. LEXIS 95629, 3, fn 2 (S.D.N.Y. Oct. 14, 2009) ("For the period that is untimely under the federal . . . statute of limitations but timely under the state law six-year statute of limitations, the state law claim is operative." (*citing Khan v. IBI Armored Services, Inc.*, 474 F. Supp. 2d 448, 450 n. 1 (E.D.N.Y. 2007)).

**A)    Defendants Have Undeniably Failed To Comply With State and Federal Record Keeping Requirements, and Thus Cannot Meet Their Burden of Proof to Survive Summary Judgment**

The burden Plaintiffs must meet in wage and hours cases was set forth by the United

5

States Supreme Court in the seminal case of *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).  There, the Supreme Court held that: "[t]he remedial nature of [the FLSA] and the great public policy which it embodies…militate against making that burden an impossible hurdle for the employee."  *Id.* at 687.

Under both the FLSA and New York state law, the employer has the statutory burden of generating and maintaining accurate payroll records. *See e.g.,* 29 U.S.C. § 211(c) (requiring that every employer "make, keep and *preserve* such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him")[emphasis added]; 29 C.F.R. § 516.2(a)(7) (requiring that employers maintain records of "[h]ours worked each workday and total hours worked each workweek"); *see also* New York Labor Law § 661 (requiring employers to establish and maintain payroll records "showing for each week worked the hours worked, the rate or rates of pay and basis thereof"); N.Y. Comp. Codes R. & Regs, tit. 12 § 142-2.6(a)(4) (requiring that employers establish and *retain*, for not less than six years, weekly payroll records which show the hours worked daily and weekly, for each employee) [emphasis added];  s*ee also Berrios*, 849 F. Supp. 2d at 379-382.

In light of an employer's unequivocal burden to generate and retain reliable records, the Supreme Court established that, where workers are suing to collect unpaid wages, and "where the employer's records are inaccurate or inadequate," workers need only make a minimal showing of underpayments before the burden of proof shifts to the employer:

> In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces *sufficient evidence* to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of

work performed or with the evidence to negative the
reasonableness of the inference to be drawn from the employee's
evidence. *Mt. Clemens Pottery*, 328 U.S. at 687 (emphasis added);
*see also* 29 CFR § 516.8.

As such, to establish prima facie entitlement to summary judgment, the employee bears
the burden of presenting sufficient evidence to show that he performed work for which he was
improperly compensated. *Mt. Clemens Pottery*, 328 U.S. at 686-687. Plaintiffs' burden is not
"overly onerous," but instead, Plaintiffs must produce "sufficient evidence" to establish that they
were underpaid "as a matter of just reasonable inference." *Reich v. Southern New England
Telecommunications Corp.*, 121 F. 3d 58, 67 (2d Cir. 1997). In fact, a plaintiff can satisfy this
lesser burden by "relying on recollection alone." *Berrios*, 849 F. Supp. 2d at 380 (internal
citations omitted). As noted by the Supreme Court, where employer's records are inadequate,
"the employer cannot be heard to complain that the damages lack the exactness and precious of
measurement that would be possible had he kept records." *See Rivera v. NDOLA Pharmacy
Corp.*, 497 F. Supp. 2d 381, 389 (E.D.N.Y. 2007), *citing Mt. Clemens Pottery*, 328 U.S. at 688.
*See also Doo Nam Yang v. ACBL Corp.*, 427 F. Supp 2d 327, 335 (S.D.N.Y. 2005) (where
plaintiff's estimates of work hours constituted sufficient evidence). Indeed, relying on employee
memory is proper where an employer lacks sufficient records, as employers may not "benefit
from their failure" to maintain the requisite records. *Id*., at 335, *citing Mumbower v. Callicott*,
526 F.2d 1183, 1196 (8th Cir. 1975).

In cases where records do not exist, or where they are "false and inaccurate," a plaintiff
may rely on "fairly representative testimony" to prove damages. *Ibea v. Rite Aid Corp*., 2012
U.S. Dist. LEXIS 47088 (S.D.N.Y. 2012). Courts commonly allow representative employees to
prove violations with respect to all employees. *See Reich v. Gateway Press*, 13 F.3d 685, 701-

7

702 (3d Cir. Pa. 1994) (citing as examples, *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946) (8 out of 300 employees testified); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586 (9th Cir. 1988) (5 out of 28), *cert denied*, 488 U.S. 1040, 109 S. Ct. 864, 102 L. Ed. 2d 988 (1989); *Donovan v. Williams Oil Co.*, 717 F.2d 503 (10th Cir. 1983)).  Thus, not all employees need to testify in order to prove the violations or to recoup back wages.

*Martin v. Selker Brothers, Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991).

New York law goes one step further and mandates that employers who fail to retain accurate records "bear the burden of proving that the complaining employee was paid wages." N.Y. Lab. Law § 196-a; *see* N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6(a)(4); 29 CFR § 516.2. Moreover, once the plaintiff meets this lesser burden of proof, the employer must meet the stringent burden of showing "by a preponderance of the evidence" that the employee was properly paid.  *Berrios*, 849 F. Supp. 2d at 380, *quoting Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 307 (E.D.N.Y. 2009).

In this case, only Defendants ECRC and Midtown produced documents relating to Plaintiffs' employment.  [*See* Lusher Dec., Exhibits E-G]. These records, however, are sorely deficient as they only cover a portion of the payroll and time records for some of the Plaintiffs in this action.  Indeed, Defendants failed to produce a payroll summary for Named Plaintiff William Gonzalez even though he is identified in Defendants' time sheets.  [*See* Lusher Dec., Exhibit F, pp. 10-11].

Defendants ECRCC, ECIC, and RSC have not produced any payroll or time records at all.  The basis for their objection to Plaintiffs discovery demands was that they never employed any of the Plaintiffs in this action. [*see generally* Lusher Dec., Exhibit G (Defendants' Discovery

Responses)]. This basis, however, is a complete farce as these Defendants issued checks to the Plaintiffs. [*See* Lusher Dec., ¶ 22, Exhibit H]. It would be disingenuous for Defendants to argue that they issued checks to Plaintiffs but did not employ them.

As discussed in further detail below, the records that were produced by Defendants unequivocally establish a systematic failure to pay Plaintiffs overtime and spread of hours compensation. There is no reason to believe that Defendants started complying with federal and state wage laws during the time periods where records were not produced. The payroll and time records sought by Plaintiffs in this action are exclusively within the possession of the Defendants. As a result, Defendants' failure to produce such records cannot inure to their benefit. Accordingly, Defendants will be unable to meet their burden of proof, as they undeniably failed to comply with state and federal record-keeping requirements.

**B)** **Plaintiffs Have Met Their Burden of Proof to Establish Entitlement to Summary Judgment on the Issue of Defendants' Liability for Overtime Compensation under Federal and New York Overtime Laws**

In accordance with the FLSA, employees who work in excess of forty hours per week must be compensated for each hour worked over 40 "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. As discussed above, it is the employer's responsibility to maintain records of employee wages and hours. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; N.Y. Comp. Codes R. & Regs, tit. 12 § 142-2.6(a)(4); New York Labor Law § 220(3-a)(a)(iii). However, when an employer fails to maintain such records, an employee may "submit sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." *Reich,* 121 F.3d at 66. The evidence herein, by way of employee testimony, Defendants' payroll records, and Defendants' time-sheets, conclusively

9

establishes that Plaintiffs performed work in excess of forty hours per week, without payment of proper overtime compensation, in violation of state and federal law.

Plaintiffs' testimony and sworn statements evidence the amount of hours worked while employed by Defendants. [Lusher Dec., ¶¶ 6-8]. Named Plaintiffs recounted that they worked more than ten (10) hours a day, five (5) to six (6) days per week. [*Id*.]. Nevertheless, Plaintiffs received a flat hourly wage regardless of how many hours they worked. [Lusher Dec., ¶¶ 6, 8]. As such, Plaintiffs were not paid at the statutorily-mandated rate of one and one-half hours when they worked in excess of forty (40) hours in a given week.

More importantly, Defendants' own payroll records, although inadequate, establish Plaintiffs' allegations of unpaid overtime. [Lusher Dec., ¶¶ 10-15 (Exhibit E)]. The payroll summary produced by Defendants reflects the number of hours Plaintiffs worked, the amount Plaintiffs were paid per hour, and the total amount paid to Plaintiffs for each week. [*Id*.]. These records reveal that Plaintiffs were always paid at the same hourly wage rate regardless of how many hours they worked in a week. [*Id*.]. A review of these records clearly demonstrates that Plaintiffs regularly worked well in excess of forty hours per week, logging many overtime hours, without receiving the requisite overtime compensation. [*Id*.].

By way of example, Defendants' payroll summary for Named Plaintiff Sebastian Tkaczyk reveals that for the week of January 2, 2006 through January 8, 2006, Tkaczyk worked fifty hours at $13.00 per hour and received a total of $650.00. [Lusher Dec., ¶ 14]. Meaning, even though Tkaczyk worked ten (10) hours of overtime, Tkaczyk was nevertheless paid a flat $13.00 per hour for each hour he worked. [*Id*.]. Likewise, Defendants' payroll summary for Named Plaintiff Dariusz Michalow reveals that for the week of October 13, 2008, Michalow

10

worked fifty-three hours at $19.00 per hour and received a total of $1,007.00.  [Lusher Dec., ¶ 15].  Once again, even though Michalow worked thirteen hours of overtime, Michalow was nevertheless paid a flat $19.00 per hour for each hour he worked. [*Id*.].

These examples of Defendants' failure to pay overtime are not sporadic or individualized occurrences.  Indeed, Defendants' payroll records do not show any overtime ever being paid to any Plaintiffs. [Lusher Dec., Exhibit E (Payroll Records)].  Accordingly, it is without question that Defendants systematically maintained an unlawful policy and practice of not paying overtime compensation.

Here, although the individual measure of damages may differ from employee to employee, there can be no question as to Defendants' liability. Thus, the question at issue is whether Defendants' practice of paying a flat hourly rate, irrespective of the hours worked, was unlawful.  Indeed, it is axiomatic that Defendants' compensation policies were unlawful, and partial summary judgment as to liability is proper. *See generally Berrios*, 849 F. Supp. 2d at 381-384.

**C)** **Plaintiffs Have Met Their Burden of Proof to Establish Entitlement to Summary Judgment on the Issue of Defendants' Liability for Spread of Hours Compensation under New York Law**

Under New York Labor "spread of hours" refers to the "interval between the beginning and end of an employee's workday."  12 NYCRR § 142-2.18.  Whenever an employee's spread of hours exceeds ten hours in a day, that employee is required to receive an additional hour of pay at the basic minimum hourly wage rate. *See* 12 NYCRR 142-2.4.

In this case, Defendants own production, though inadequate, unequivocally establishes that Plaintiffs worked more than ten hours in a day but were not paid spread of hours

compensation.  Indeed, Defendants' payroll and time records reveal that Plaintiffs would work more than ten hours in a day, however, Plaintiffs were paid at a flat hourly wage for only the hours they worked.  [Lusher Dec., ¶¶ 16-18].  The payroll summary does not reflect the payment of additional wages when Plaintiffs worked overtime or ten or more hours in a day. [*Id*.].

By way of example, Defendants' time records show that Andrzej Derlukiewicz worked more than ten (10) hours on four different days during the week ending May 27, 2007. [Lusher Dec., ¶ 18].   The time records further reveal that Derlukiewicz worked a total of seventy-five and a half (75.5) hours during that week and receivedfifteen (15) dollars per hour for a total of $1,132.50.  [*Id*.]. Accordingly, Derlukiewicz was paid only for the hours that he worked, and did not receive an extra hours pay for the days he worked more than ten hours.

Once again, a review of the payroll and time records establishes that Defendants systematically maintained a policy and practice of paying Plaintiffs a flat hourly wage for the hours that they worked. As a result, Defendants failed to pay spread of hours compensation to all its workers.

In light of the foregoing evidence, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for partial summary judgment on their cause of action sounding in Defendants' failure to pay spread of hours compensation.

## **POINT II:**

### **Defendants Employed and/or Jointly Employed Plaintiffs**

#### **A.  Legal Standard**

Plaintiffs maintain that the individual Defendants and the Defendant entities employed and/or jointly employed Plaintiffs, thereby rendering them liable to Plaintiffs for unpaid overtime

compensation. *See* 29 C.F.R. § 791(2)(a) ("all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek."). The FLSA defines an employer as one who "suffer[s] or permit[s]" an employee to work. 29 U.S.C. § 203(g). This is the broadest definition of "employ" that has ever been included in any one act. *Cano v. DPNY*, Inc., 2012 U.S. Dist. LEXIS 161284 (S.D.N.Y. 2012); *see also Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141-142 (2d Cir. 2008) (FLSA's definition of "employ" "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles" in order to effectuate the remedial purposes of the act). Indeed, "[t]he regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (*citing* 29 C.F.R. § 791.2). This means that "even when one entity exerts 'ultimate control' over a worker, that does not preclude a finding that another entity exerts sufficient control to qualify as a joint employer under the FLSA."*Jean-Louis v. Metro. Cable Communs*, Inc. 838 F. Supp. 2d 111, 121 (S.D.N.Y. 2011) (*quoting Barfield*, 537 F.3d at 148). As with the underlying statutory definitions from which it derives, courts recognize that "the concept of joint employment should be defined expansively under the FLSA." *Lopez v. Silverman*, 14 F. Supp. 2d 405, 412 (S.D.N.Y. 1998) (*quoting Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997)).

The Second Circuit relies on the "economic reality" test to determine if an employer-employee relationship exists under the Fair Labor Standards Act. *See Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012). The "economic reality" of an employer-employee relationship is "a

flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield*, 537 F.3d at 141-142. The relevant factors assessed under the "economic reality" include whether the alleged employer (i) had the power to hire and fire the employees, (ii) supervised and controlled employee work schedules or conditions of employment, (iii) determined the rate and method of payment, and (iv) maintained employment records. *See Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984); *see also Velez*, 693 F.3d at 326. The Second Circuit has noted that while meeting these four factors "can be sufficient to establish employment status, it had never held that a positive finding on those four factors is necessary to establish an employment relationship." *Barfield*, 537 F.3d at 143 (internal quotations omitted). As such, "an entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours or pay them." *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 258-259 (S.D.N.Y. 2012) (*citing Zheng*, 355 F.3d at 70).  Establishing employer status also does not "require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA." *Herman*, 172 F.3d at 139.  Individual officers or directors of a corporation may also be "deemed employers under the FLSA where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions." *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 394 (E.D.N.Y. 2012) (*quoting Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003)).

14

In addition, two separate entities can be deemed a single employer subject to joint liability for employment related acts when they maintain (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership, (5) use of common office facilities and equipment, and (6) family connections between or among the various enterprises. *See United Union of Roofers, Waterproofers, & Allied Workers Local No. 210 v. A.W. Farrell & Son, Inc.,* 547 Fed. Appx. 17, 19 (2d Cir. 2013); *see also Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996).

As explained below, the evidence in this case overwhelmingly supports a finding that Defendants are jointly liable as employers and/or joint employers due to the shared control of their work force and the general interwoven nature of the Defendant corporations.

### B.  Defendants Employed and/or Jointly Employed Plaintiffs

This Court has already recognized that there is a "unity of interest" between the Defendants in its order granting Plaintiffs motion to amend the pleadings to add Defendants ECIC, ECRCC, RSC, Sobolewski, Kaczmarek, Podgorny, and Karol Marcisqak. *See Michalow v. E. Coast Restoration & Consulting Corp.*, 2012 U.S. Dist. LEXIS 185362, 15-21 (E.D.N.Y. Oct. 22, 2012).  Relying on the evidence proffered by Plaintiffs, the Court found that the Defendants' "relationships are intertwined." *Id*., at 20. Once again, the documentary evidence coupled with Defendants' testimony illuminates the unified operations of Defendants.

As a preliminary matter, ECRC admits that the individuals identified in the payroll records are its employees. [Lusher Dec., ¶ 22]. Likewise, ECRC, Midtown, ECIC, and RSC each issued checks to Plaintiffs in this action. [*Id.*].  Notably, paychecks from ECRC and Midtown were signed by Sobolewski, the owner of ECRCC. [*Id.*].  Nevertheless, regardless of the

15

company listed on the paycheck, Plaintiffs performed the same type of work under the direction of the same individuals.  [Lusher Dec., ¶¶ 6-8].

The significant interrelationships between the Defendants further support a finding that they are a single employer of Plaintiffs.  Indeed, ECRC, ECRCC, ECIC, and RSC all maintain offices in the same building located at 232 Madison Avenue in Manhattan.  [Lusher Dec., ¶ 26]. Sobolewski testified that ECRC's offices consisted of two small rooms with four desks.  [Lusher Dec., ¶ 27].  Sobolewski, Kaczmarek and Karol Marcisqak worked out of this office on a daily basis.  [*Id*.].  According to the Department of State records, ECRC's principal executive office is located at 105 Lehman Lane, Neshanick Station, NJ 08853, which is also the principal executive office for RSC. [Lusher Dec., ¶ 26]. The address identified on checks issued by ECRC/Midtown is 9 Mountainview Ave., Long Valley, NJ 07853.  [*Id*.].  This is the same address listed as Sobolewski's home address on the W-2 issued by ECRC.  [*Id*.].  ECRC and Midtown share the same phone and fax number, and Midtown is listed as a "d/b/a" of ECRC on ECRC's paychecks. [Lusher Dec., ¶ 28]. In addition, ECRC and ECIC were conspicuously dissolved on the exact same day, November 20, 2013, and after ECIC was added as a Defendant to this action.  [Lusher Dec., ¶ 29].

Defendants also share owners, principals, agents, and/or officers. According to the Department of State records, Bozena Barbara Marcisqak is the Chief Executive Officer of ECRC.  [Lusher Dec., ¶ 31].  Sobolewski, who is admittedly the owner of ECRCC, also represented himself as the Vice President and owner of ECRC in addition to appearing as the 30(b)(6) deponent on behalf of ECRC. [Lusher Dec., ¶ 31].[2] Sobolewski's testimony reveals that

---

[2] This Court recognized the fact that Sobolewski sat as the 30(b)(6) deponent for ECRC yet claimed that he has had no contact with the companies since 2009 as "telling[]" of the interwoven nature of Defendants' relationships. *See*

16

he had the authority to hire, fire and supervise Plaintiffs, and that he often issued checks for ECRC.  [Lusher Dec., ¶ 33]. Sobolewski was listed exclusively as the superintendent of records for applications filed on behalf of ECRC, ECRCC, and Midtown.   [Lusher Dec., ¶ 32]. Sobolewksi testified that he worked as a "salesman" for ECRC from 2002 until 2009-10 when he left to open his own company, ECRCC, which is located in the same office as ECRC and the other Defendants.  [*Id.*].

ECRCC and ECRC are clearly the same company with slightly different names. Sobolewski repeatedly stated that ECRC is dissolved and no longer does any business. However, at the November 14, 2011 mediation session, Sobolewski was confronted with a photograph of a sign that stated ECRC was currently working a job on Park Row in Manhattan. Sobolewski claimed this was a mistake.  Sometime thereafter, the jobsite sign was replaced with a sign stating the job was being conducted by ECRCC. In addition, Podgorny and Kaczmarek work for ECRCC, and Sobolewski testified that he employs some of the same workers at ECRCC that were employed at ECRC. [*See* Lusher Dec., ¶ 34].

Kaczmarek, who is the owner of Midtown, was listed as the Licensed Special Rigger on permit applications that were filed with the New York City Department of Buildings on behalf of ECRC and Midtown. [Lusher Dec., ¶ 35]. Sobolewski testified that he worked daily with Kaczmarek, who Sobolewski initially identified as the sole estimator for ECRC. [*Id.*]. Sobolewski testified that Kaczmarek hired workers, such as Named Plaintiff Tomasz Helwing, and approved payroll for the workers. [*Id.*]. Sobolewski further stated that Kaczmarek usually worked on the jobsite supervising the employees, and making sure the job was run correctly.

---

*Michalow v. E. Coast Restoration & Consulting Corp.*, 2012 U.S. Dist. LEXIS 185362, 20-21 (E.D.N.Y. 2012).

17

[*Id.*].   According to Sobolewski, Kaczmarek signed the majority of ECRC's contracts.   [*Id.*].[3] Like Sobolewski, Kaczmarek also represented himself as a Vice President of ECRC, in addition to issuing Certificates of Fitness to Plaintiffs. [*Id.*; Lusher Dec., Exhibit H]. Although Sobolewski testified that Midtown was dissolved when Kaczmarek came to work at ECRC, this testimony is inconsistent with the Department of Building applications that identify both ECRC and Midtown as separate entities that *happen* to share a telephone and fax number. [Lusher Dec., ¶ 35].

Marcin Podgorny, who is admittedly the "officer, director, and shareholder of [ECIC]," is also listed as the representative for ECRC on several Department of Buildings applications. [Lusher Dec., ¶ 36]. Sobolewski testified that Podgorny was employed as a truck driver for ECRC when Sobolewski worked ECRC.  [*Id.*].  Sobolewski stated that, while working as a truck driver for ECRC, Podgorny "decided to open his own company" and operate that company out of the same two-room office as ECRC, Midtown and RSC.  [*Id.*]  Although Sobolewski claimed that Podgorny's company, ECIC, never did any business with ECRC, documentary evidence demonstrates that ECIC issued checks to Plaintiffs during the time period they were employed by ECRC and Midtown. [Lusher Dec., ¶¶ 24, 36]. These checks were signed by Podgorny [Lusher Dec., ¶ 36].

ECIC also issued lump-sum checks to Sobolewski and Kaczmarek during the time they worked for ECRC, and paid for Sobolewski's monthly parking bill and Kaczmarek's real estate taxes.  [Lusher Dec., ¶ 36 (Exhibit T)].  ECIC also issued checks to Karol Marcisqak and RSC during the same time period. [*Id.*].  Of further interest, Sobolewski testified that he is Podgorny's landlord and that Podgorny currently works for him at ECRCC. [Lusher Dec., ¶ 37].

---

[3] Defendants did not produce any copies of contracts in discovery.

Karol Marcisqak, the Chief Executive Officer of RSC, helped Bozena Barbara Marcisqak form ECRC, and worked on some of ECRC's projects. [Lusher Dec., ¶ 38]. Notably, Karol is married to Bozena. [*Id*.]. According to Podgorny, not only did Karol Marcisqak work for ECRC, but when ECIC would subcontract from ECRC, Podgorny would deal with Karol Marcisqak and Sobolewski. [*Id*.]. In addition, RSC also issued checks to some of the Plaintiffs during the time period Plaintiffs were employed by ECRC and Midtown. [Lusher Dec., ¶ 24.]

The foregoing facts, based almost exclusively on Defendants' testimony and documentary evidence, strongly support Plaintiffs' argument that Defendants employed and/or jointly employed Plaintiffs. Common sense would suggest that Defendants are all one employer. Indeed, Defendants (1) provide the exact same services, (2) operated out of the same office space, (3) share phone numbers, (4) maintain similar names, (5) share principals who performed sales and other critical operational functions, (6) have principals that are married to each other, (7) share employees, and (8) commonly pay each other large lump sums of money. Defendants' actions leave no doubt as to the extensive interrelationship of operations between the companies.

Plaintiffs' testimony further illuminates the interwoven nature of these companies. Plaintiffs testified that they were hired by Sobolewski, Kaczmarek, and or Karol Marcisqak. [Lusher Dec., ¶¶ 6-8]. They received their checks from Sobolewski, Kaczmarek, Podgorny and Karol Marcisqak. [*Id*.]. When they would have issues with wages or hours worked they would approach Sobolewski, Podgorny and Karol Marcisqak. [*Id*.]. Finally, regardless of the project they worked on or the name of the company on their paycheck, Plaintiffs would report to the same four individuals, Sobolewski, Kaczmarek, Podgorny and Karol Marcisqak. [*Id*.].

In light of the foregoing, the Court should find that Defendants employed and/or joint

19

employed Plaintiffs and should all be held jointly liable to Plaintiffs for their joint failure to pay overtime compensation.

## **CONCLUSION**

The issues in this case are simple: (1) Did Plaintiffs work more than forty hours in week? (2) Did Plaintiffs work more than ten hours in a day? (3) When Plaintiffs worked more than forty hours in a week or ten hours in a day, did they receive overtime or spread of hours compensation? (4) Are Defendants employers and/or joint employers for purposes of liability?

Here, Plaintiffs rely on the payroll and time records produced by Defendants that unequivocally show that Plaintiffs worked more than ten hours per day and forty hours per week. These records further establish that when they worked more than ten hours per day or forty hours in a week, they did not receive any spread of hours or overtime compensation. Instead, Plaintiffs received a flat rate for each hour worked, which did not include an overtime component. Accordingly, Defendants' payment practices are clearly unlawful, and the only issue remaining to be determined is the amount of damages to which Plaintiffs are entitled.

Wherefore, for the reasons set forth above, Plaintiffs respectfully request that this Court issue an Order granting partial summary judgment as to liability against Defendants together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 14, 2014

VIRGINIA & AMBINDER, LLP

By:_____/s/_____
        LaDonna M. Lusher
        Jack Newhouse
        40 Broad Street, 7th Floor
        New York, New York 10004

20

(212) 943-9080

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514