UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIUSZ MICHALOW, SEBASTIAN TKACZYK, TOMASZ HELWING and WILLIAM GONZALEZ, for themselves and others similarly situated who were employed by EAST COAST RESTORATION & CONSULTING CORP., MIDTOWN RESTORATION, INC., EAST COAST INSTALLATION & CONSULTING, CORP., EAST COAST RESTORATION & CONSTRUCTION CONSULTING, CORP., ROOFING SYSTEMS CONSULTING CORP., GRZEGORZ SOBOLEWSKI, ANDRZEJ KACZMAREK, MARCIN PODGORNY, KAROL MARCISQUAK and BOZENA BARBARA MARCISQUAK,<br><br>                                                            Plaintiffs,<br><br>               -against-<br><br>EAST COAST RESTORATION & CONSULTING CORP., MIDTOWN RESTORATION, INC., EAST COAST INSTALLATION & CONSULTING, CORP., EAST COAST RESTORATION & CONSTRUCTION CONSULTING, CORP., ROOFING SYSTEMS CONSULTING CORP., GRZEGORZ SOBOLEWSKI, ANDRZEJ KACZMAREK, MARCIN PODGORNY, KAROL MARCISQUAK and BOZENA BARBARA MARCISQUAK,<br><br>                                                            Defendants. | Docket No. 09-CV-5475 (SLT)(MDG) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher
Jack L. Newhouse
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road
Carle Place, New York 11514
Tel:  (516) 873-9550

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ..iii

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ......................................................................................................... 2


POINT I:
PLAINTIFFS' MOTION SHOULD BE GRANTED BECAUSE
DEFENDANTS' FAILED TO OFFER A RULE 56.1
COUNTERSTATEMENT OF FACTS .................................................................. 2

POINT II:
PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT
ON THEIR OVERTIME AND SPREAD OF HOURS CLAIMS ......................... 3

POINT III:
DEFENDANTS EMPLOYED AND/OR
JOINTLY EMPLOYED PLAINTIFFS .................................................................. 5

CONCLUSION ...................................................................................................... 9

# **TABLE OF AUTHORITIES**

 PAGE

Ansoumana v. Gristede's Operating Corp.
255 F. Supp. 2d 184 (SDNY 2003) ............................................................................... ..2

Caldarola v. Calabrese
298 F.3d 156 (2d Cir. 2002)……………………………………………………………2

Falso v. Rochester City Sch. Dist.
2012 U.S. App. LEXIS 3876 (2d Cir. Feb. 27, 2012)……………………………………2

Gubitosi v. Kapica,
154 F.3d 30 (2d Cir. 1998) ............................................................................... ..3

Herman v. RSR Security Services, Ltd.
172 F.3d 132 (2d Cir. 1999) ............................................................................... ..6

Kulak v. City of New York
88 F. 3d 63 (2d Cir. 1996)……………………………………………………………..2

Lihli Fashions Corp. v. NLRB
80 F.3d 743 (2d Cir. 1996) ............................................................................... ..6

Millus v. D'Angelo,
224 F.3d 137 (2d Cir. 2000) ............................................................................... 3

McPherson v. N.Y. City Dep't of Educ.
457 F. 3d 211 (2d Cir. 2006)……………………………………………………………2

R.G. Group v. Horn & Hardart Co.
751 F.2d 69 (2d Cir. 1984)……………………………………………………………..2

Radio & Television Broadcast Technicians Local Union v.
Broadcast Service of Mobile, Inc.,
380 U.S. 255 (1965) ............................................................................... ..6

Salahuddin v. Goord
467 F.3d 262 (2d Cir. 2006)……………………………………………………………2

United Union of Roofers, Waterproofers, & Allied Workers Local No. 210 v.
A.W. Farrell & Son, Inc.,
547 Fed. Appx. 17 (2d Cir. 2013) ............................................................................... ..6

Wolde-Meskel v. Argus Cmty., Inc.,
2001 U.S. Dist. LEXIS 11261 (S.D.N.Y. 2001) ............................................................... ..3

**PRELIMINARY STATEMENT**

This action was brought to recover unpaid overtime and spread of hours compensation owed to Named Plaintiffs Dariusz Michalow, Sebastian Tkaczyk, Tomasz Helwing,[1] William Gonzalez, and other class members (collectively "Plaintiffs") who are presently or were formerly employed by Defendants East Coast Restoration & Consulting Corp. ("ECRC"), Midtown Restoration, Inc. ("Midtown"), East Coast Installation & Consulting, Corp. ("ECIC"), East Coast Restoration & Construction Consulting Corp. ("ECRCC"), Roofing Systems Consulting Corp. ("RSC") (ECRC, Midtown, ECIC, ECRCC, and RSC are hereinafter collectively referred to as "Corporate Defendants"), and individual Defendants Bozena Barbara Marcisqak ("B. Marcisqak"), Grzegorz Sobolewski ("Sobolewski"), Andrzej Kaczmarek ("Kaczmarek"), Marcin Podgorny ("Podgorny") and Karol Marcisqak ("K. Marcisqak") (Marcisqak, Sobolewski, Kaczmarek, and Podgorny are hereinafter collectively referred to as "Individual Defendants"; Corporate Defendants and Individual Defendants are hereinafter collectively referred to as "Defendants").[2]

In this case, there is no question that Defendants failed to pay overtime and spread of hours compensation to their workers. The documents produced by Defendants unequivocally establish that Plaintiffs did not receive one-and-one-half times their regular hourly rate of pay when they worked over forty hours in a week. These documents also unequivicolly establish that Plaintiffs did not receive an extra hours pay at the minimum wage rate when they worked in excess of ten hours in a day. The evidence offered in Plaintiffs' initial moving papers also establishes that Defendants all employed and/or jointly employed Plaintiffs. Accordingly, Plaintiffs respectfully request that the Court find each Defendant jointly and severally liable for all damages to be determined at trial.

In opposition, Defendants contest the amount of time each Plaintiff worked and contest the status of Defendants, except ECRC, as Plaintiffs' employers. [Def Mem., p. 3]. Defendants' opposition papers, however, are devoid of evidence supporting their arguments. Indeed, Summary judgment is proper "if the

---

[1] Plaintiffs' Counsel no longer represents Named Plaintiffs Sebastian Tkaczyk or Tomasz Helwing in this action.

[2] Defendant B. Marcisqak is unrepresented and did not oppose Plaintiffs' motion for summary judgment.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In accordance with Rule 56, conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *See Falso v. Rochester City Sch. Dist.*, 2012 U.S. App. LEXIS 3876 (2d Cir. 2012) (*quoting Kulak v. City of New York*, 88 F. 3d 63, 71 (2d Cir. 1996)); *see also Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003). To avoid summary judgment, the non-moving party must do more than show that there is "some metaphysical doubt as to material facts." *Caldarola v. Calabrese*, 298 F. 3d 156, 160 (2d Cir. 2002); *citing Matsushita*, 475 U.S. at 586-87. Rather, the non-moving party must set forth "concrete particulars" showing that a trial is necessitated. *R.G. Group v. Horn & Hardart Co.*, 751 F. 2d 69, 77 (2d Cir. 1984) (internal citations omitted); *see also Salahuddin v. Goord*, 467 F. 3d 263, 273 (2d Cir. 2006); *McPherson v. N.Y. City Dep't of Educ.,* 457 F.3d 211 (2d Cir. 2006). Indeed, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, Defendants failed to even oppose Plaintiffs' Rule 56 Statement of Material Facts ("Statement of Material Facts"), and the minimal evidence Defendants do present is insufficient to raise any issues of material fact. Since Plaintiffs have met their burden of proving that Defendants employed Plaintiffs and failed to pay minimum wage and overtime, Plaintiffs respectfully request that the Court grant partial summary judgment as to liability of the above referenced Defendants.

**ARGUMENT**

**POINT I**

**PLAINTIFFS' MOTION SHOULD BE GRANTED BECAUSE DEFENDANTS' FAILED TO OFFER A RULE 56.1 COUNTERSTATEMENT OF FACTS**

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" setting forth material facts as to which there is no

genuine issue to be tried. Local Rule 56.1(a). A party opposing summary judgment must respond with a statement of facts as to which a triable issue remains. Local Rule 56.1(b). The facts set forth in a moving party's statement "will be deemed to be admitted unless controverted" by the opposing party's statement. Local Rule 56.1(c). Citation to the admissible evidence of record supporting such facts must be included. Local Rule 56.1(d). Indeed, Courts have granted of summary judgment on the basis of uncontested assertions in the moving party's Local Rule 56.1 statement. *See Millus v. D'Angelo*, 224 F.3d 137 (2d Cir. 2000); *Gubitosi v. Kapica*, 154 F.3d 30 (2d Cir. 1998); *Wolde-Meskel v. Argus Cmty., Inc.*, 2001 U.S. Dist. LEXIS 11261 (S.D.N.Y. 2001).

In this case, the only documents filed and served by Defendants in opposition to Plaintiffs motion for partial summary judgment were the Memorandum of Law in Opposition, Affidavits of Grzegory Sobolewski, Andrzej Kaczmarek, and Marcin Podgorny, and Exhibits A through F. [*See* Docket No. 98]. Conspicuously absent from Defendants' opposition papers is a counterstatement to Plaintiffs' Statement of Material Facts. Since Defendants failed to contest Plaintiffs' Statement of Material Facts in accordance with Rule 56.1(c), the facts contained in Plaintiffs' Rule 56.1 statement are deemed admitted.

As explained below, even if the Court excused Defendants' failure to opposed Plaintiffs' Rule 56.1 statement, Defendants still failed to offer sufficient evidence to oppose the supported statements of material fact offered by Plaintiffs.

## POINT II

### PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR OVERTIME AND SPREAD OF HOURS CLAIMS

In Defendants' Memorandum of Law in Opposition ("Def. Mem.") Defendants argue that Plaintiffs have failed to meet their burden of proof. Defendants' arguments are completely unsupported.

Curiously, Defendants contend that the payroll and time records offered by Plaintiffs in support of their motion (Exhibits E and F annexed to the Declaration of LaDonna Lusher) "only support Defendants' claims that the sums claimed by Plaintiffs have not been presented with specificity and can be construed in many ways." [Def. Mem., p. 4]. Defendants further state that there "are discrepancies

3

between these records" which would preclude summary judgment. [*Id.*]. Defendants, however, do not offer any alternative explanation for interpreting these records. Likewise, Defendants don't identify any actual discrepancies within their payroll and time records. Indeed, these records, which were produced by Defendants, consistently show Plaintiffs working more than forty hours in a week and ten hours in day without receiving overtime or spread of hours compensation. These records are incredibly clear on their face, and there is no other way these records can be construed. Defendants' conclusory argument that unidentified discrepancies in their own records preclude Plaintiffs from relying on these records for purposes of summary judgment is clearly insufficient to establish that a material issue of fact exists.

Moreover, none of the Individual Defendants that submitted affidavits deny the fact that Plaintiffs (1) worked more than forty hours a week and ten hours in a day, (2) were paid a flat hourly rate regardless of the number of hours they worked, and (3) that they did not receive overtime or spread of hours compensation. They also do not deny the accuracy of the payroll and time records produced by Defendants that were offered in support Plaintiffs' motion. In fact, other than in Defendants' Memorandum of Law, none of Defendants' opposition papers address overtime compensation, spread of hours compensation, hours worked by Defendants' employees, or the accuracy of the records produced. As a result, Defendants' contention that the records have "discrepancies" and can be "construed in many ways" is not only conclusory, but completely unsupported by any evidence and should be disregarded by the Court.

Finally, even if Defendants' payroll and time records have some "discrepancies," any discrepancies would clearly be immaterial. Indeed, Plaintiffs only moved for partial summary judgment on liability. Plaintiffs are not seeking damages at this stage, and thus, do not have to establish the exact number of hours each Plaintiff worked. Instead, Plaintiffs only need to show that Defendants did not pay overtime when Plaintiffs worked more than forty hours in a week or spread of hours compensation when Plaintiffs worked more than ten hours in a day. Here, Defendants' records do not reflect a single instance where they paid any Plaintiff overtime or spread of hours compensation, even though their records consistently show Plaintiffs working more than forty hours in a week. [Lusher Dec., ¶¶10-20]. As a result,

4

any discrepancy relating to the precise number of hours Plaintiffs worked, if any even exist, are immaterial on Plaintiffs' motion for partial summary judgment.

In light of the foregoing, Plaintiffs respectfully request the Court grant partial summary judgment on Defendants' failure to pay overtime and spread of hours compensation.

## POINT III

### DEFENDANTS EMPLOYED AND/OR JOINTLY EMPLOYED PLAINTIFFS

Defendants argue that the Court should deny Plaintiffs' motion for summary judgment on the grounds that Plaintiffs failed to establish that Defendants, other than ECRC, were Plaintiffs' employers.[3] In support of their argument, Defendants' generally assert: (1) Plaintiffs' evidence to support their "FLSA allegations" consists of deposition testimony and some letters written by the Individual Defendants that "do not concern compensation or day to day control of the entities and are merely letters written in the usual business of the corporate entities,"[4] and (2) Plaintiffs offer no evidence to support that Karol Marcisquak had any involvement in the operations of any of the corporate entities." [Def. Mem., pp. 6-7]. Notwithstanding the fact that Defendants failed to respond to Plaintiffs' Statement of Material Facts, the only evidentiary support offered by Defendants to support their argument that they did not employ Plaintiffs are the affidavits of Sobolewski, Kaczmarek, and Podgorny. Defendants do not offer any evidence on behalf of Midtown, ECIC, RSC, K. Marcisquak, or B. Marcisquak to dispute the material issues of fact presented by Plaintiffs. As explained below, Plaintiffs have met their burden of establishing that Defendants employed and/or jointly employed them. In addition, the conclusory self-serving statements of Defendants Sobolewski, Kaczmarek, and Podgorny are insufficient to raise issues of material fact as to their role as Plaintiffs' employers.

---

[3] Defendants concede that ECRC and Midtown employed Plaintiffs. [Def. Mem., p. 5].

[4] This is a gross misrepresentation of the evidence offered by Plaintiffs. In addition to Plaintiffs' deposition testimony and recommendation letters, Plaintiffs offered evidence, which includes, but is not limited to: (1) deposition testimony of Grzegorz Sobolewski [Lusher Dec., Exhibit N]; (2) deposition testimony of Marcin Podgorny, [Lusher Dec., Exhibit J]; (3) deposition testimony of Andrzej Kaczmarek, [*See* Lusher Dec., Exhibit S]; (4) checks issued to Plaintiffs, [Lusher Dec., Exhibit H]; (5) Department of State records, [Lusher Dec., Exhibit K]; (6) Department of Transportation records, [Lusher Dec., Exhibit L]; (7) Affidavits of Sobolewski and Kaczmarek, [*See* Lusher Dec., Exhibits M and R]; and (8) Department of Buildings Applications, [*See* Lusher Dec., Exhibit O].

To determine whether an employment relationship exists, the Second Circuit follows the "economic reality" test, which assesses whether the alleged employer (i) had the power to hire and fire the employees, (ii) supervised and controlled employee work schedules or conditions of employment, (iii) determined the rate and method of payment, and (iv) maintained employment records. *See Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). The factors for assessing whether multiple entities constitute a single employer are as follows: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership, (5) the use of common office facilities and equipment, and (6) family connections between or among the various enterprises. *United Union of Roofers, Waterproofers, & Allied Workers Local No. 210 v. A.W. Farrell & Son, Inc.*, 547 Fed. Appx. 17, 19 (2d Cir. 2013) (*citing Radio & Television Broadcast Technicians Local Union v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256 (1965); *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996)).

Plaintiffs' initial moving papers contain sufficient evidence to establish that Corporate Defendants ECRC, Midtown, ECIC, and RSC employed and/or jointly employed Plaintiffs. Through subpoenaing bank records, Plaintiffs obtained checks issued by ECRC, Midtown, ECIC, and RSC to Plaintiffs for work performed on behalf of Defendants. [Lusher Dec., Exhibit H]. By issuing checks to Plaintiffs, these Defendants clearly had the power to hire and fire Plaintiffs, control Plaintiffs work, maintain Plaintiffs employment records, and determine the rate and method of payment. Moreover, though Defendants claim in their opposition papers that they "provide[d] payroll records during discovery that set forth the hours worked by the Plaintiffs," ECIC and RSC never produced any payroll or time records apart from those produced by ECRC and Midtown. [Def. Mem., p. 4]. Accordingly, ECIC and RSC either share payroll and time records with ECRC and Midtown or simply ignored their obligation to produce these records. The significant interrelationships between the Defendants support a finding that Defendants all maintained the same payroll and time records.

As explained in Plaintiffs initial motion papers, during the time Plaintiffs purportedly worked for ECRC, the Corporate Defendants shared multiple offices, telephone and fax numbers, employees (*i.e.*, Plaintiffs), officers, owners, representatives, and all issued checks to Plaintiffs. [*See* Lusher Dec., ¶¶ 21-

6

38]. In addition, ECRC checks issued to Plaintiffs identify Midtown as its D/B/A. [Lusher Dec., Exhibit H]. Curiously, Individual Defendants Kaczmarek and Podgorny, who own Midtown and ECIC, respectively, both submitted affidavits in opposition to Plaintiffs' motion, yet neither deny that the companies they own employed Plaintiffs. [Lusher Dec., ¶¶ 35, 36]. Since Midtown, ECIC, and RSC do not oppose Plaintiffs' motion for partial summary judgment and because Plaintiffs me their burden of establishing these Defendants as employers and/or joint employers of Plaintiffs, Plaintiffs respectfully request that the Court find that Corporate Defendants ECRC, Midtown, ECIC, and RSC employed Plaintiffs and are jointly and severally liable for any and all damages determined at trial.

Likewise, Individual Defendants K. Marcisquak and B. Marciquak do not offer any evidence to dispute the facts offered by Plaintiffs and do not deny employing Plaintiffs. Specifically, K. Marcisquak, who has appeared in this action and is represented by Defendants' counsel, does not deny owning RSC, sharing multiple offices with ECRC, issuing checks to Plaintiffs, working on ECRC projects, and negotiating contracts on behalf of ECRC. [R 56.1, ¶¶ 23, 26-27, 52-56]. In addition, K. Marcisquak does not deny Plaintiffs' testimony that he directed Plaintiffs to work, when to show up to jobsites, and that he handed Plaintiffs their checks. [Lusher Dec., ¶¶ 7-8]. Accordingly Plaintiffs respectfully request that the Court find that K. Marcisquak and B. Marcisquak employed Plaintiffs and are jointly and severally liable for any and all damages determined at trial.

Individual Defendants Sobolewski, Kaczmarek, and Podgorny each offer an affidavit in opposition to Plaintiffs' motion for partial summary judgment against them. The testimony of these Individual Defendants fails to substantively address, and at times ignores, the abundance of evidence offered by Plaintiffs that clearly establishes them as Plaintiffs' employers. As such, the information contained within these affidavits is insufficient to preclude the granting of summary judgment.

Sobolewski does not deny signing checks on behalf of ECRC and issuing them to Plaintiffs. Rather, Sobolewski claims that Plaintiffs do not offer any checks or other pay documents that he signed. [Sobolewski Aff., ¶ 13]. Contrary to Sobolewski's contention, Plaintiffs offered checks issued to Plaintiffs from ECRC that were signed by Sobolewski. [*compare* signature in Lusher Dec. Exhibits H to

7

I]. In addition, Sobolewski testified at his deposition that he was one of the assignors on ECRC's account, had the power to sign the checks, and there "could be a time that I did sign them." [*See* Sobolewski Dep, at 210:4-8 annexed to Lusher Dec. as Exhibit N]. Sobolewski also does not deny representing ECRC as a FRCP 30(b)(6) witness and signing documents as the "Vice President" of ECRC. [Lusher Dec., ¶¶ 31, 33]. Sobolewski testified that on smaller jobs he and Kaczmarek had the power determine how much ECRC workers were going to be paid. [*See* Sobolewski Dep, at 210:11-17]. Sobolewski also testified that he interviewed and had influence in hiring supervisors and foreman on his projects with ECRC, and power to fire ECRC laborers. [Sobolewski Dep, at 211:7-20, 241:8-15]. Sobolewski's affidavit completely fails to address his detailed prior testimony in this case, and offers only conclusory denials that he had the power to make personnel or compensation decisions on behalf of ECRC. These conclusory denials raise nothing more than "metaphysical doubt as to the material facts" and are insufficient to raise an issue of material fact relating to Sobolewski's role as Plaintiffs' employer.

Kaczmarek disingenuously swears that he was only an employee of ECRC, and that Plaintiffs have not provided evidence that he was involved in personnel or compensation functions of ECRC or that he had any corporate functions in ECRC. [Kaczmarek aff., ¶¶ 3, 10]. Kaczmarek owned Defendant Midtown, which was listed as ECRC's D/B/A on checks issued to Plaintiffs that were signed by Sobolewski. [Lusher Dec., ¶¶ 28, 35]. Conspicuously absent from Kaczmarek's affidavit is testimony relating to his ownership of Midtown and Midtown's relationship to ECRC. Kaczmarek does not explain why he signed letters as the "Vice President" of ECRC. Kaczmarek also ignores Sobolewski's substantial testimony implicating Kaczmarek as having significant control over Plaintiffs. Indeed, Sobolewski testified that Kaczmarek hired workers, including Thomas Helwing, approved payroll for ECRC, determined how much workers were going to get paid, supervised workers at the jobsite, and signed most of the contracts on behalf of ECRC. [Lusher Dec., ¶ 35]. Once again, Kaczmarek's conclusory denials are insufficient to raise an issue of material fact relating to Sobolewski's role as Plaintiffs' employer.

Like Kaczmarek and Sobolewski, Podgorny swears that he never made any corporate decisions, or performed any tasks that can be construed as employment control tasks for ECRC. [Podgorny Aff., ¶

8

4]. Podgorny claims that he was a truck driver and messenger for ECRC. [Podgorny Aff., ¶ 3]. However, Podgorny admits to owning ECIC, and does not deny that his company employed Plaintiffs. [Lusher Dec., ¶ 36]. Of course, Podgorny could not in good faith deny employing Plaintiffs as he is the signatory on checks that were issued to Plaintiffs on behalf of ECIC. [Lusher Dec., ¶ 36]. Podgorny ignores the testimony of Plaintiffs that he handed them their checks and instructed them on when to show up and leave work. [Lusher Dec., ¶¶ 6-8]. Podgorny also fails to explain why ECIC issued checks to Plaintiffs, operated out of the same office as ECRC, Midtown, and RSC, paid Sobolewski's monthly parking bill, paid Kaczmarek's real estate taxes, and issued checks to Sobolewski, Kaczmarek, K. Marcisquak, and RSC. [Lusher Dec., ¶ 36]. As the signatory on these checks, Podgorny was clearly not *just* a truck driver and messenger, but rather an individual with operational control and significant involvement in the day to day control over Defendants' labor force.

In sum, Defendants do not oppose Plaintiffs' Statement of Material Facts, nor do they offer evidence to question the factual statements presented by Plaintiffs. As a result, the factual assertions contained in Plaintiffs' initial moving papers are deemed admitted. Accordingly, Plaintiffs have met their burden of establishing that Defendants employed and/or jointly employed Plaintiffs. Plaintiffs respectfully request that the Court find that all Defendants jointly and severally liable for any and all damages determined at trial.

## CONCLUSION

Defendants proffer no credible evidence to survive summary judgment, but instead rely on their own deficient self-serving proclamations, belied by the documentary evidence. Accordingly, Plaintiffs respectfully requests that this Court issue an Order granting partial summary judgment as to Defendants' liability with the amount of damages to be determined at trial, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 5, 2014

VIRGINIA & AMBINDER, LLP

_____/s/_____

9

LaDonna M. Lusher, Esq.
Jack L. Newhouse, Esq.
40 Broad St., 7th Floor
New York, New York 10004
(212) 943-9080

10