UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
DARIUSZ MICHALOW, *et al.*,

        Plaintiffs,

                                  **ORDER ADOPTING REPORT**
                                  **AND RECOMMENDATION**

      -against-                     09-CV-5475(KAM)(RML)

EAST COAST RESTORATION &
CONSULTING CORP., *et al.*,

        Defendants.
-------------------------------x

**KIYO A. MATSUMOTO, United States District Judge:**

        In this collective and class action brought under the

Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL"), the plaintiffs have moved for summary judgment against

the defendants as to liability only.  Upon a referral from Judge

Sandra L. Townes, Magistrate Judge Robert M. Levy issued a

report and recommendation, in which he concluded that summary

judgment should be granted against four defendants and denied

against the remaining six defendants.  (ECF No. 116, Report and

Recommendation ("R&R").)  The four defendants whom Judge Levy

found to be liable have objected to the report.  Two *pro se*

plaintiffs have also filed objections.  For the reasons set

forth below, the Court overrules all objections and adopts the

report in its entirety.[1]

---

[1] This case was reassigned to me in February 2018, after Judge Levy issued his
report and after the parties filed their objections.

## I.   Background

The Court assumes familiarity with this case's procedural and factual history as set forth in Judge Levy's report.  (*See* R&R at 1-6.)  In brief, three plaintiffs — all of whom were construction workers allegedly employed by defendants — commenced this action in December 2009, on behalf of themselves and others similarly situated, seeking damages under the FLSA and NYLL.  (ECF No. 1.)  In June 2010, the Honorable Marilyn D. Go, the magistrate judge initially assigned to this case, so-ordered the parties' stipulation certifying the case as a collective action under the FLSA.  (R&R at 4; ECF No. 12.)  In January 2012, Judge Townes certified the case as a class action under the NYLL.  (R&R at 5; ECF No. 32.)  Plaintiffs' counsel, Virginia & Ambinder, LLP, was designated to represent the class and the plaintiffs who joined the collective action.  (ECF Nos. 12, 31, 32.)  In November 2012, plaintiffs filed an amended complaint, in which they added a fourth plaintiff and several additional defendants (for 10 defendants total).  (ECF No. 58.)

In July 2014, after the close of discovery, Virginia & Ambinder moved to withdraw as counsel for two named plaintiffs, Tomasz Helwing and Sebastian Tkaczyk, citing a "'fundamental disagreement'" that created a conflict of interest between the firm's duty to represent the class and its duty to represent

these two individuals. (R&R at 5.) Judge Go granted the firm's motion to withdraw as counsel for Helwing and Tkaczyk. (*Id.*; ECF No. 86). Virginia & Ambinder continues to represent all other plaintiffs and class members. (R&R at 6.)

In November 2014, Virginia & Ambinder filed a motion for summary judgment as to liability only on behalf of all plaintiffs and class members, except Helwing and Tkaczyk.[2] (ECF No. 99.) Attorney Michael Rabinowitz opposed the motion for defendants — including, as relevant here, defendants Andrzej Kaczmarek and Midtown Restoration, Inc. ("Midtown").[3] (ECF No. 98.) Judge Townes referred plaintiffs' motion for summary judgment to Judge Go for a report and recommendation. (ECF entry dated 11/6/2014.) After the case was reassigned to him, Judge Levy scheduled oral argument, which took place in March 2017. (ECF entries dated 11/23/2016, 12/2/2016, and 1/10/2017.)

On July 11, 2017, Judge Levy issued a report in which he recommended that summary judgment be granted against four

---

[2] Helwing and Tkaczyk, who are proceeding *pro se*, did not affirmatively move for summary judgment, though they did file a submission styled as a reply memorandum of law (ECF No. 106). That memorandum, however, is largely an attack on their former counsel; it does not address defendants' liability in any coherent way.

[3] Previously, Judge Go granted Rabinowitz's motion to withdraw as counsel for defendant Bozena Barbara Marcisquak ("B. Marcisquak") given her failure to communicate with him. (ECF No. 78.) Though the parties have yet to file a suggestion of death, it appears that B. Marcisquak passed away some time ago. (R&R at 2 n.2.) In defendants' opposition papers, Rabinowitz neglected to specify which defendants he was representing. (ECF No. 98.) At oral argument before Judge Levy, however, Rabinowitz clarified that he was counsel to all defendants except B. Marcisquak. (ECF No. 110, Oral Argument Transcript ("Oral Arg. Tr.") at 2:24–3:17.)

defendants — Kaczmarek, Midtown, Karol Marcisquak ("K. Marcisquak"), and East Coast Restoration & Consulting Corp. ("ECRC") — and denied against the six other defendants. (R&R at 2, 29.)

Ten days later, in a letter to the Court dated July 21, 2017, defendant Kaczmarek stated that he had "lost trust" in Rabinowitz and was therefore discharging him as his counsel. (ECF No. 118.) In October 2017, two attorneys from the law firm Portale Randazzo LLP filed notices of appearance on Kaczmarek's behalf (ECF Nos. 123, 124), and Judge Levy substituted Portale Randazzo as counsel for Kaczmarek. (Text-Only Order dated 10/16/2017.)

Collectively, the parties have filed three sets of objections to Judge Levy's report. First, defendant Kaczmarek, through his new counsel, objects to the finding that he is liable for the wage-and-hour violations as plaintiffs' employer. (ECF No. 128, Kaczmarek's Objections ("Kaczmarek's Objs.").) Second, defendants K. Marcisquak, ECRC, and Midtown — all of whom continue to be represented by Rabinowitz — object to Judge Levy's finding them liable. (ECF No. 127, K. Marcisquak, ECRC, and Midtown's Objections ("Defs.' Objs.").) Third, *pro se* plaintiffs Helwing and Tkaczyk jointly filed objections in which they appear to contend that Judge Levy erred by recommending that summary judgment be denied against defendants Grzegorz

4

Sobolewski and Marcin Podgorny. (ECF No. 120, Helwing and Tkaczyk's Objections ("Pls.' Objs.").) The remaining plaintiffs and class members — who continue to be represented by Virginia & Ambinder — argue that Judge Levy's report should be adopted in its entirety. (ECF No. 131.)

## II. Discussion

### A. Legal Standards

#### 1. Review of Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party makes specific and timely written objections to the magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." *Id.; see also* Fed. R. Civ. P. 72(b)(3). However, if "no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report [and] recommendation only for clear error." *Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 101 (E.D.N.Y. 2015) (quoting *Rahman v. Fischer*, No. 10-CV-1496 (LEK) (TWD), 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014)).

"'[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest

arguments that they suggest.'" *Figueroa v. City of New York*, No. 11-CV-3160 (ARR) (CLP), 2017 WL 6596631, at *2 (E.D.N.Y. Dec. 22, 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Yet "'even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal.'" *Id.* (quoting *Howell v. Port Chester Police Station*, No. 09-CV-1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)).

## 2. Summary Judgment Standard

Summary judgment is appropriate where "the evidence, viewed in the light most favorable to the party against whom it was entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012) (internal quotation marks and alteration omitted).

### 3. Employer Status under the FLSA and NYLL

"The FLSA and the NYLL apply only to 'employers.'"
*Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *2 (E.D.N.Y. June 17, 2015), *adopted as modified*, 2015 WL 5518348 (E.D.N.Y. Sept. 17, 2015). The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see also Charvac*, 2015 WL 5475531, at *3 ("Like the FLSA, the NYLL definition of 'employer' is an expansive one . . . ."). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts[.]'" *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)); *see also, e.g.*, *Chen v. DG&S NY, Inc.*, No. 14-CV-3435 (LDH) (RLM), 2016 WL 5678543, at *2 (E.D.N.Y. Sept. 29, 2016) (applying the "economic reality" test to FLSA and NYLL claims).

In *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), the Second Circuit articulated four factors to guide this inquiry. These factors are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment,

and (4) maintained employment records." *Carter*, 735 F.2d at 12
(internal quotation marks omitted). "[N]o one of these factors
is dispositive, nor [are] they, as a whole, exclusive."
*Barfield*, 537 F.3d at 142–43 (internal quotation marks omitted).

For individuals to be liable for FLSA violations, they
"need not directly control employees," but "must at least
exercise 'operational control' over the employee's employment."
*Garcia v. Vill. Red Rest. Corp.*, No. 15-CV-6292 (JCF), 2017 WL
1906861, at *4 (S.D.N.Y. May 8, 2017) (quoting *Irizarry v.
Catsimatidis*, 722 F.3d 99, 106–09 (2d Cir. 2013)). Operational
control includes "involvement in a company in a manner that
affects employment-related factors such as workplace conditions
and operations, personnel, or compensation." *Irizarry*, 722 F.3d
at 109.

Finally, an "employee may have more than one
employer." *Jindan Wu v. Nat. Tofu Rest. Corp.*, No. 16-CV-3613
(ARR) (ST), 2018 WL 1009274, at *10 (E.D.N.Y. Feb. 20, 2018).
"When there are multiple employers, 'all joint employers are
responsible, both individually and jointly, for compliance with
all of the applicable provisions of [the FLSA].'" *Id.* (quoting
29 C.F.R. § 791.2(a)). "The same is true under New York law[.]"
*Id.*

**B. Judge Levy's Report and Recommendation**

In his report, Judge Levy noted at the outset that all represented defendants (meaning all defendants except B. Marcisquak, *supra* at 3 n.3) had conceded at oral argument that wage-and-hour violations occurred during the relevant period. (R&R at 2.) Thus, the only question presented by plaintiffs' motion was whether each defendant was liable for the violations. (*Id.* at 2–3.) This question, in turn, hinged on whether each defendant was an "employer" under the FLSA and NYLL. (*Id.* at 2–3, 8 n.8.)

Defendants also conceded at oral argument that two corporate defendants — Midtown and ECRC — acted as plaintiffs' joint employers. (*Id.* at 3.) Given this concession, Judge Levy recommended that summary judgment be granted against these defendants without discussing why they satisfied the definition of an "employer" under the FLSA and NYLL. (*Id.* at 3, 29.)

Though defendants argued otherwise, Judge Levy also found that Kaczmarek was plaintiffs' employer and therefore liable for the wage-and-hour violations. (*Id.* at 12-16.) Judge Levy noted that Kaczmarek was the sole owner and officer of Midtown — an entity that, by defendants' own admission, employed plaintiffs. (*Id.* at 12.) Judge Levy also found that Kaczmarek was involved in the operations of ECRC — the other entity that defendants admitted employed plaintiffs. (*Id.*) For example,

Judge Levy cited evidence that ECRC's first office was established in Kaczmarek's apartment. (*Id.*) New York state records also listed his apartment as the address for service of process and as the address of its chief executive officer. (*Id.*) Further, Kaczmarek, through Midtown, was the lessee of record for ECRC's equipment facility. (*Id.*)

As further noted by Judge Levy, the parties disputed Kaczmarek's corporate title within ECRC and the extent of his authority to act on the corporation's behalf, including his power to execute contracts for it. (*Id.* at 13.) Yet, applying the so-called *Carter* factors, discussed above, Judge Levy found that Kaczmarek had exercised significant control over plaintiffs' employment. First, concerning the power to hire and fire employees, plaintiff Dariusz Michalow testified that Kaczmarek had hired him. (*Id.* at 14.) Also, defendant Sobolewski testified that Kaczmarek could fire plaintiffs. (*Id.*). Second, regarding control over plaintiffs' work schedules and the conditions of their employment, plaintiff Michalow attested that Kaczmarek had assigned him to projects and had told him when and where to report for work. (*Id.* at 15.) Plaintiff Helwing also testified that Kaczmarek had been one of his "bosses" who controlled his schedule and told him where to report for work. (*Id.*) Further, defendant Sobolewski testified that, as part of Kaczmarek's role as defendants'

"estimator," he would "make sure the jobs run well and according to the details he estimated" and that "the locations that he had estimated on a building were all well taken care of, and were all worked on." (*Id.* at 14–15.) Third, concerning control over the rate and method of plaintiffs' compensation, Sobolewski testified that Kaczmarek had determined employees' hourly wages and had approved their weekly timesheets. (*Id.* at 15.) Also, plaintiff Michalow attested that his paychecks sometimes bore Kaczmarek's signature. (*Id.*) Given the uncontroverted evidence establishing Kaczmarek's ownership of Midtown, his involvement in ECRC's operations, and his control over plaintiffs' employment, Judge Levy found that Kaczmarek was, as a matter of law, plaintiffs' employer. (*Id.* at 15–16.)

Judge Levy also recommended that the Court grant summary judgment against defendant K. Marcisquak given undisputed evidence establishing his control over ECRC's operations and plaintiffs' employment. (*Id.* at 16–18.) For example, defendant Sobolewski testified that K. Marcisquak and his wife (defendant B. Marcisquak) had co-founded ECRC, which defendants conceded was plaintiffs' employer. (*Id.* at 17.) Also, K. Marcisquak had acted on ECRC's behalf in dealings with a subcontractor. (*Id.*) Concerning the *Carter* factors, defendant Sobolewski testified that K. Marcisquak had recruited him to become ECRC's chief salesman. (*Id.*) Plaintiff Tkaczyk

testified that K. Marcisquak had hired him, assigned him to projects, and distributed his wages. (*Id.*) Further, plaintiff Helwing testified that K. Marcisquak had been one of his "bosses" who assigned him to projects and set his daily schedule. (*Id.*) Although defendants argued that there were disputed issues of fact regarding K. Marcisquak's liability, Judge Levy noted that they had failed to identify any and, thus, Judge Levy concluded that the uncontroverted evidence established that K. Marcisquak was liable as plaintiffs' employer. (*Id.* at 17–18.)

Judge Levy found genuine disputes of material fact with respect to the remaining defendants — including, as relevant here, defendants Sobolewski and Podgorny. (*Id.* at 18–24.) Podgorny testified that he had worked for ECRC as a truck driver and messenger, and that his position did not include supervisory or corporate responsibilities. (*Id.* at 18.) Consistent with this representation, defendant Sobolewski and plaintiff Michalow had both referred to Podgorny as the "driver." (*Id.*) Although plaintiff Helwing testified that Podgorny had been one of his "bosses" who dictated his schedule, and although plaintiff Michalow testified that Podgorny had sometimes distributed his paycheck to him, Judge Levy recommended that plaintiffs' motion be denied as to Podgorny

given the evidence that he was merely a driver and messenger. (*Id.* at 18–19.)

Regarding Sobolewski, evidence in the record indicated that he had exercised operational control over ECRC and plaintiffs' employment, but Judge Levy determined that enough contradictory evidence existed to create a triable issue of fact. (*Id.* at 19–24.) For example, plaintiff Helwing testified that Sobolewski had been one of his "bosses" who controlled his schedule, but Sobolewski testified that he was a salesperson whose responsibilities did not include supervising plaintiffs. (*Id.* at 19, 21–22.) Although there was evidence that Sobolewski was involved in hiring employees, he testified that his authority in this regard was limited. (*Id.* at 21.) Sobolewski admitted that he could sign paychecks, but his role in compensation matters was otherwise unclear. (*Id.* at 22–23.) Thus, viewing the evidence in the light most favorable to Sobolewski, Judge Levy concluded that a reasonable juror could find that he "was a high level sales employee of ECRC, but not an owner or officer, and that his control over plaintiffs' employment was circumscribed." (*Id.* at 24.) For that reason, Judge Levy recommended that plaintiffs' motion be denied as to Sobolewski.[4]

---

[4] In addition to Podgorny and Sobolewski, Judge Levy also recommended that summary judgment be denied against four other defendants: B. Marcisquak, East Coast Installation & Consulting Corp., East Coast Restoration & Construction

## C. Defendants' Objections

### 1.    Kaczmarek

Kaczmarek concedes that, on the record before Judge Levy, there was no triable issue of fact as to his liability. In his words, Judge Levy "could not identify the issues of fact that preclude[d] summary judgment because they were not submitted for review." (Kaczmarek's Objs. at 2; *see also id.* at 7 (admitting Judge Levy "was not provided with evidence that raised triable issues of fact" and that "issues of fact existed within the record at the time of summary judgment briefing, but counsel failed to submit documents").)  Through his objections, Kaczmarek seeks to complete the record by presenting evidence that was not before the magistrate judge — including, among other things, his complete deposition transcript (ECF No. 128-3, "Kaczmarek Dep.") and a recently prepared affidavit (ECF No. 128-6, "Kaczmarek Aff.").  "[W]ith the benefit of a complete record," Kaczmarek urges the Court to "reject Judge Levy's

---

Consulting Corp., and Roofing Systems Consulting Corp.  (R&R at 29.)  The represented plaintiffs do not object to this (or any other) portion of Judge Levy's report.  (EFC No. 131).  To the extent that *pro se* plaintiffs Helwing and Tkaczyk object, they have not done so with the required degree of clarity and specificity to trigger *de novo* review.  Indeed, their objections mention only one of these four defendants by name and do so only in passing.  (Pls.' Objs. at 2 (mentioning "East Coast Installation & Consulting Corp.").)  Given that no party has lodged specific objections to Judge Levy's recommendations as to these defendants, the Court has reviewed these recommendations for clear error only.  Finding none, the Court adopts the recommendations and denies summary judgment against these four defendants.

recommendation because . . . material issues of fact [are] in dispute." (Kaczmarek's Objs. at 2.)

Citing these newly submitted materials, Kaczmarek contests facts that Judge Levy treated as undisputed. For example, at oral argument before Judge Levy, defendants conceded that Midtown was plaintiffs' employer. (R&R at 3; Oral Arg. Tr. at 9.) In his newly prepared affidavit, however, Kaczmarek attests that Midtown — a company that he solely owned — could not have employed plaintiffs given that the company dissolved long ago. (Kaczmarek Aff. ¶¶ 9-10; Kaczmarek's Objs. at 8.) Kaczmarek contends that his prior counsel (Rabinowitz) had confused Midtown with another similarly named (non-party) corporate entity. (Kaczmarek's Objs. at 4.) In the same affidavit, Kaczmarek disputes the notion that ECRC was formed in his apartment—noting that he had leased out the unit to his nephew and his nephew's wife (defendants K. Marcisquak and B. Marcisquak, respectively). (*Id.* at 9; Kaczmarek Aff. ¶ 18; Kaczmarek Dep. at 33, 42.) Further, Kaczmarek cites portions of his deposition transcript — which were not before Judge Levy — to contest Judge Levy's findings concerning his authority to hire and fire plaintiffs, control the conditions of their employment, set their work schedules, and make compensation decisions. (Kaczmarek's Objs. at 10-12.)

Through his new counsel, Kaczmarek blames his former counsel Rabinowitz for failing to present this evidence in the first instance. Kaczmarek attributes these failures to a "conflict of interest" between him and Sobolewski, which Kaczmarek believes undermined Rabinowitz's representation of him. (*Id.* at 1, 2.) To support this argument, Kaczmarek notes that Judge Levy relied on portions of Sobolewski's deposition testimony to find him liable. (*Id.* at 1.)

"A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), *aff'd*, 578 F. App'x 51 (2d Cir. 2014). After all, "[f]or the district judge to review new evidence or arguments 'would reduce the magistrate's work to something akin to a meaningless dress rehearsal.'" *In re Consol. RNC Cases*, 2009 WL 130178, at *10 (S.D.N.Y. Jan. 8, 2009) (quoting *Wong v. Healthfirst, Inc.*, No. 04-CV-10061 (DAB), 2006 WL 2457944, at *1 (S.D.N.Y. Aug. 23, 2006)); *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration . . . ."). Although a district judge may entertain new evidence and new arguments when reviewing a report and recommendation, doing so "is disfavored absent a 'most

compelling reason' for the failure to present such evidence or arguments in the first instance." *In re Consol. RNC Cases*, 2009 WL 130178, at *10 (quoting *Housing Works, Inc. v. Turner*, No. 00-CV-1122 (LAK), 2005 WL 713609, at *2 (S.D.N.Y. Mar. 30, 2005)).

Further, "'civil litigants are bound by the acts and omissions of their freely selected attorneys.'" *Kurzberg v. Ashcroft*, No. 04-CV-3950, 2006 WL 2738991, at *6 (E.D.N.Y. Sept. 25, 2006) (quoting *Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 271 (2d Cir. 1999)).[5] By extension, "'a change of counsel does not relieve a party of the effects of . . . prior counsel's lapses.'" *Lamparelli Constr. Co., Inc. v. Arrow Wood Prod., Inc.*, No. 15-CV-623 (RJA) (JJM), 2016 WL 1387239, at *1 (W.D.N.Y. Apr. 8, 2016) (quoting *Brownstone Publishing, LLC v. AT & T, Inc.*, No. 07-CV-1630, 2009 WL 799546, *1 (S.D. Ind. Mar. 24, 2009)).

Kaczmarek asks the Court to consider evidence and arguments not presented to Judge Levy, arguing that a conflict between him and Sobolewski inhibited Rabinowitz's representation

---

[5] *See also, e.g., Holland v. Florida*, 560 U.S. 631, 664 (2010) ("Because the attorney is the litigant's agent, the attorney's acts (or failures to act) within the scope of the representation are treated as those of his client . . . ."); *S.E.C. v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) ("Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.") (internal quotation marks and alterations omitted).

of his interests.  Yet, even though Sobolewski gave testimony

that helped establish Kaczmarek's liability, there is no

indication that any conflict between these defendants adversely

affected Rabinowitz's performance.  *Cf. Perez v. PetSmart, Inc.*,

No. 10-CV-5339 (LDW) (ETB), 2011 WL 4026910, at *3 (E.D.N.Y.

Sept. 12, 2011) ("When counsel jointly represents multiple

defendants, disqualification will be warranted only when

'counsel actively represented conflicting interests and . . . an

actual conflict of interest adversely affected the defense

lawyer's performance.' . . . That is, counsel will not be

disqualified unless he actually takes a position that benefits

one client to the detriment of another.") (quoting *Patterson v.

Balsamico*, 440 F.3d 104, 115 (2d Cir. 2006)).

        To be sure, no defendant received stellar

representation from Rabinowitz before Judge Levy.  The attorney

failed to submit a Local Civil Rule 56.1 counterstatement.[6]  The

seven-page opposition memorandum that Rabinowitz authored (ECF

No. 98.) contained no evidentiary citations, and the exhibits

accompanying his submission were sparse.[7]  Rabinowitz's

lackadaisical approach to motion practice may have harmed

---

[6] Despite this violation of Local Civil Rule 56.1, Judge Levy did not
reflexively adopt plaintiffs' 56.1 Statement of Undisputed Facts, and instead
"independently 'conduct[ed] an assiduous review of the record.'"  (R&R at 3
n.3 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)).)
[7] On this score, the Court notes that plaintiffs, not defendants, annexed
Sobolewski's full deposition transcript to their motion papers.  (ECF No.
100-14.)

Kaczmarek more than his codefendants, but there is no indication that his omissions owed to a conflict. For this reason, the Court will not consider arguments and evidence not presented to Judge Levy. *See Guity v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482 (SJF) (AKT), 2014 WL 795576, at *4–5 (E.D.N.Y. Feb. 27, 2014) (refusing to excuse plaintiff for conduct of prior counsel despite plaintiff's allegation that "there was a 'conflict of interest' between her and her prior counsel" and noting that "'[b]ecause the attorney is the litigant's agent, the attorney's acts (or failures to act) within the scope of the representation are treated as those of his client'") (quoting *Holland*, 560 U.S. at 664); *Azkour v. Little Rest Twelve, Inc.*, No. 10-CV-4132 (RJS) (KNF), 2012 WL 1026730, at *2–3 (S.D.N.Y. Mar. 27, 2012) (refusing to consider evidence not submitted to magistrate judge where defendant retained new counsel after report and recommendation was issued and noting that "parties in civil matters are responsible for the errors made by their counsel"); *Mast Indus., Inc. v. Mann*, No. 88-CV-3631 (CSH), 1991 WL 12359, at *1 (S.D.N.Y. Jan. 25, 1991) ("Successor counsel asserts that there was a conflict of interest between his predecessor and defendant from the inception of the case. But the motion papers nowhere suggest that defendant did not retain prior counsel by his own free choice. Litigants are bound by the professional conduct of the

attorneys they choose to represent them, although the conduct of counsel may give rise to a claim for malpractice by the client.").

The Court also rejects Kaczmarek's attempt to revoke defendants' concession that Midtown was plaintiffs' employer. Kaczmarek argues that the concession is a nullity because Rabinowitz lacked the authority to make it and because it was based on a misunderstanding. (Kaczmarek's Objs. at 2-3.) Kaczmarek also asserts that "employer" status under the FLSA is a question of law (not of fact) and, as such, the parties' stipulation on the matter does not bind the Court. (*Id.* at 3.) Yet "[s]tatements made by an attorney during oral argument . . . constitute binding judicial admissions." *Gen. Ins. Co. of Am. v. Mezzacappa Bros.*, No. 01-CV-7394 (FB), 2003 WL 22244964, at *5 (E.D.N.Y. Oct. 1, 2003), *aff'd*, 110 F. App'x 183 (2d Cir. 2004). Accordingly, the Court will not allow defendants to revoke their concession that Midtown was plaintiffs' employer. *See, e.g.*, *Emigra Group, LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 348-50 (S.D.N.Y. 2009) (seeing "no reason to relieve [plaintiff] of the consequences of its express concession" at oral argument, even where plaintiff sought to retract the concession in a letter submitted before the Court ruled); *Packer v. SN Servicing Corp.*, 250 F.R.D. 108, 115 (D. Conn. 2008) (disregarding argument on motion for

reconsideration that was contrary to counsel's position at oral argument and stating that "Plaintiffs cannot seek to deny those concessions at this late hour").

As indicated above, Kaczmarek admitted that no triable issue of fact existed in the record before Judge Levy.  The Court agrees with this assessment.  The record included uncontroverted evidence that Kaczmarek solely owned one admitted employer (Midtown) and facilitated the operations of another (ECRC), while also exercising significant control over plaintiffs' employment.  Because the Court declines to consider newly submitted evidence that calls into question these facts, the Court adopts Judge Levy's findings as to Kaczmarek and grants summary judgment against him.[8]

### 2.  K. Marcisquak, ECRC, and Midtown

The other three defendants whom Judge Levy found to be liable — ECRC, Midtown, and K. Marcisquak — have also objected to the report.[9]  The basis for ECRC's and Midtown's objections

---

[8] As noted, Kaczmarek was the sole owner and officer of Midtown.  (R&R at 12.) Through his new counsel, Kaczmarek argues that "summary judgment against Midtown . . . should not be entered."  (Kaczmarek's Objs. at 1.)  But Kaczmarek's new counsel has not appeared for Midtown.  According to the docket, Rabinowitz still represents Midtown.  Indeed, as discussed below, Rabinowitz has objected to Judge Levy's report on Midtown's behalf.  Thus, Kaczmarek's counsel's objections to Judge Levy's finding Midtown liable do not appear to be properly before the Court.  In any event, given defendants' prior admissions that wage-and-hour violations occurred during the relevant period and that Midtown was plaintiffs' employer, the objections lack merit. These admissions alone were sufficient to establish Midtown's liability.
[9] According to the docket, these defendants continue to be represented by Rabinowitz.  *But see supra* at 21 n.8.

are unclear, as these defendants conceded at oral argument that wage-and-hour violations occurred during the relevant period and that they were plaintiffs' employers. (*See supra* at 9; *see also* Oral Arg. Tr. at 4-5, 9). In their objections, ECRC and Midtown do not even acknowledge their prior concessions — much less ask the Court to disregard them. Instead, they submit that: "The Report and Recommendation appears devoid of any analysis which le[]d to the granting of Summary Judgment as to [ECRC and Midtown]. Without [an] analysis [of ECRC's and Midtown's liability] Summary Judgment should not have been granted . . . ." (Defs.' Objs. at 4.) Not surprisingly, the report does not explain why these entities satisfy the definition of an "employer" under the FLSA and NYLL because defendants conceded the point. (R&R at 2-3). To the extent that defendants seek to retract this concession, the Court denies the request and adopts Judge Levy's recommendation that summary judgment be granted against ECRC and Midtown. *See, e.g.*, *Gen. Ins. Co. of Am.*, 2003 WL 22244964, at *5; *Emigra Group*, 612 F. Supp. 2d at 348-50; *Packer*, 250 F.R.D. at 115.

K. Marcisquak contends that there was "no documentary evidence supporting the granting of Summary Judgment" against him. (Defs.' Objs. at 4.) He complains that Judge Levy's "decision was solely based upon testimony of other co-Defendants and the Plaintiffs." (*Id.*) "Plaintiffs' testimony," K.

Marcisquak argues, "should be viewed with suspicion since it is self-serving." (*Id.*) Finally, K. Marcisquak asserts that Judge Levy's acknowledgement that "'gaps remain concerning the full extent of K. Marcisquak's role within ECRC' . . . alone indicates that there are disputes of material facts." (*Id.* (quoting R&R at 17).)

These objections lack merit, and the Court overrules them. Though K. Marcisquak appears to argue otherwise, a "lack of documentary evidence . . . does not create a genuine dispute of fact." *See, e.g.*, *Simmons v. City of New York*, No. 16-CV-1589 (VEC), 2017 WL 6397745, at *11 n.10 (S.D.N.Y. Dec. 13, 2017). The nonmovant cannot avoid summary judgment simply by raising the possibility that the moving party's testimony is self-serving and inaccurate. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ("Broad, conclusory attacks on the credibility of a witness will not, by themselves, present questions of material fact."). Instead, the "nonmovant . . . must point to specific evidence in the record" that contradicts the testimony. *See Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006); *see also Achille v. Chestnut Ridge Transp., Inc.*, 584 F. App'x 20, 22 (2d Cir. 2014) ("'[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.'") (quoting *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.

1996)); *Corbett v. City of New York*, No. 1:15-CV-9214 (GHW),
2017 WL 3207783, at *1 n.1 (S.D.N.Y. July 27, 2017) ("A
declaration is not rendered insufficient merely because it is
self-serving."). Thus, K. Marcisquak's objection based on the
lack of documentary evidence is overruled.

Finally, Judge Levy's observation that "'gaps
remain[ed] concerning the full extent of K. Marcisquak's role
within ECRC'" does not, as K. Marcisquak argues, "indicate[]
that there are disputes of material facts." (Defs.' Objs. at 4
(quoting R&R at 17).) Although Judge Levy may not have known
everything about K. Marcisquak's role at ECRC, the record
included enough undisputed evidence to establish that he had
acted as plaintiffs' employer. As noted above, uncontroverted
evidence indicated that K. Marcisquak cofounded ECRC (an
admitted employer of plaintiffs), represented ECRC in dealings
with subcontractors, hired the company's chief salesman
(Sobolewski) and at least one plaintiff (Tkaczyk), assigned
plaintiffs to projects, set employee schedules, and distributed
employee wages. Although K. Marcisquak's role at ECRC may not
have been fully defined, undisputed evidence established that K.
Marcisquak was plaintiffs' employer. The Court therefore
overrules this objection. Because undisputed evidence
established K. Marcisquak's liability, the Court adopts Judge

Levy's recommendation that summary judgment be granted against
K. Marcisquak.

### D. *Pro Se* Plaintiffs Helwing and Tkaczyk's Objections

In their objections, *pro se* plaintiffs Helwing and
Tkaczyk appear to argue that Judge Levy should have found
defendants Sobolewski and Podgorny liable. They call these
defendants "criminals" and state that they have cheated
"hundreds" of workers. (Pls.' Objs. at 1, 2.) They seemingly
contend that Sobolewski and Podgorny were the "most involved" of
all defendants in the wage-and-hour violations. (*Id.* at 1.)
According to the *pro se* plaintiffs, Sobolewski lied at his
deposition "from the beginning to the end." (*Id.*) Helwing and
Tkaczyk opine that "only by corruption" could Judge Levy have
made the recommendations in his report, and they appear to
question "how much" he was paid to make them, while accusing the
magistrate judge of placing "trust [in] . . . criminals." (*Id.*
at 2, 3.)

The Court overrules Helwing and Tkaczyk's objections
and adopts Judge Levy's finding that genuine disputes of
material fact exist as to Sobolewski's and Podgorny's liability.
Although the *pro se* plaintiffs accuse Sobolewski of testifying
falsely at his deposition, "'[c]redibility determinations . . .
are jury functions, not those of a judge . . . [when] . . .
ruling on a motion for summary judgment.'" *Reyes v. Lincoln*

*Auto. Fin. Servs.*, 861 F.3d 51, 55 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Thus, Sobolewski's credibility is for a jury, not the Court, to decide. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."). Further, the attack on Judge Levy's integrity is baseless, as his report reflects a thorough and impartial weighing of the issues based on the record before him.

The *pro se* plaintiffs' objections are too general and vague to compel *de novo* review of Judge Levy's findings regarding Sobolewski and Podgorny. Having reviewed the findings for clear error and finding none, the Court adopts the findings in their entirety. Even if the Court were to conduct a *de novo* review, it would reach the same result. As noted by Judge Levy, Sobolewski attested that he was not an ECRC owner but a salesperson; that his power to hire and fire employees was limited; and that he did not set work schedules or supervise plaintiffs. (R&R at 19–24.) Also, Sobolewski's role in employee compensation matters was largely unclear. (R&R at 24.) For his part, Podgorny represented that he was merely ECRC's driver and messenger. (*Supra* at 12; R&R at 18–19.) Although plaintiffs testified that both Sobolewski and Podgorny had

supervisory and operational functions, the Court must take the

evidence in the light most favorable to the non-moving

defendants at this stage.  When doing so, the Court concludes

that a reasonable juror could find that these defendants were

not plaintiffs' employers under the FLSA and NYLL.  For these

reasons, the Court adopts Judge Levy's recommendation that

summary judgment be denied against Sobolewski and Podgorny.[10]

---

[10] The *pro se* plaintiffs appear to request permission to further amend the
complaint to add two new defendants (Maiber Polanco and Magdalena Bieniecka)
on the ground that these individuals "are active members of the criminal
group who cheat the labor[ers]." (Pls.' Objs. at 3.)  The Court denies any
request to add new defendants, as this case is now more than eight years old,
discovery closed more than four years ago, and Judge Levy has already ruled
on plaintiffs' motion for summary judgment. *See, e.g.*, *Braithwaite v.
Kingsboro Pyschiatric Ctr.*, No. 07-CV-127 (NGG), 2010 WL 3398962, at *3
(E.D.N.Y. Aug. 26, 2010) (denying request to amend complaint to add new
individual defendants where "[d]iscovery has long been completed and a
summary judgment motion has been filed by Defendants and decided by the
court"); *Reynolds v. United States*, No. 06-CV-843 (KMW) (DCF), 2007 WL
3071179, at *2 (S.D.N.Y. Oct. 19, 2007) (explaining it would be "unduly
prejudicial to [defendant] for the Court to allow the addition of new
defendants after submission of a fully briefed motion for summary judgment")
(collecting cases).

## III. Conclusion

For these reasons, the court adopts Judge Levy's report and recommendation (ECF No. 116) in its entirety. Plaintiffs' motion for summary judgment (ECF No. 99) is granted with respect to defendants Kaczmarek, K. Marcisquak, ECRC, and Midtown, but denied as to all other defendants. Plaintiffs' counsel shall serve a copy of this Order on all *pro se* parties. The parties shall confer and submit a joint letter no later than April 13, 2018 as to how they intend to proceed.

**SO ORDERED.**

Dated:     March 31, 2018          _____/s/_____
            Brooklyn, New York   **HON. KIYO A. MATSUMOTO**
                               United States District Judge